[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#105) [AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109).]*
This action stems from an appeal by the plaintiff, Diana Klug, from CT Page 2589 the decision of the defendant Torrington Planning and Zoning Commission, D.N. CV 88 0047930S. That action was an appeal of the defendant's approval of a June 15, 1987, resubdivision application by Eugene Green. On November 28, 1990, the court, Riefberg, J., sustained the appeal and remanded the case for "further proceedings not inconsistent with this opinion." Judge Riefberg also ordered the defendant to hold "a new hearing in accordance with law."
On August 28, 1991, the plaintiff filed a complaint against the defendant alleging that no public hearing had, as of yet, been scheduled or convened and, consequently, the Green application is over four (4) years old. The plaintiff seeks an order of mandamus that the defendant schedule and hold a public hearing on the Green application for the earliest available date. The plaintiff also seeks an order of mandamus that the defendant render a decision on said application within the statutorily required time after the public hearing.
On October 18, 1991, the defendant filed an answer in which it admitted most of the allegations in the complaint. However, the defendant denied that it has refused to schedule or convene a public hearing.
On January 30, 1992, the plaintiff filed a motion for summary judgment, attaching thereto a supporting memorandum.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
The plaintiff contends that because the defendant has admitted all but one of the allegations in the complaint, and because the defendant subsequently admitted, in responding to the plaintiff's request for CT Page 2590 interrogatories, production, inspection and examination, that the public hearing has not yet been scheduled, Plaintiff's Exhibit B, there are no genuine issues of material fact.
The defendant claims, inter alia, that the plaintiff has not met the requirements to permit mandamus to issue, and that the decision of the court, Riefburg, J., did not strip the defendant of all discretion with regard to scheduling a public hearing. Therefore, the defendant contends, the plaintiff's motion for summary judgment should be denied.
As was noted, supra, the defendant, in its answer, denied the allegations contained in Paragraph 7 of the complaint. That paragraph alleged that:
 Nine (9) months has elapsed since the entry of this judgment and still the defendant has failed, neglected and refused to schedule or convene the public hearing required on remand, and, as such, has not acted on the Green application which is now over four (4) years old.
Plaintiff's Complaint, Paragraph 7.
This response raises a genuine issue of material fact, specifically, whether or not the defendant failed, neglected and refused to schedule or convene a public hearing. The plaintiff contends that the defendant's response to the request for interrogatories, production, inspection and examination demonstrates that the defendant did, in fact, not hold a public hearing. Without discussing the weight of such "supporting materials," such a response merely serves to further cloud the issue of whether a hearing was scheduled or convened. Thus, because this raises a genuine issue of material fact, Hammer, supra, the plaintiff's motion for summary judgment is denied.
PICKETT, JUDGE