[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE; MOTION FOR SUMMARYJUDGMENT (#159)]
On February 27 1992, the plaintiff, Frederick Pesce, filed a two count revised amended complaint against the defendants, Connecticut National Bank and Helen Mullen. The defendants are the co-executors and trustees of the will of Morris Hogan who died September 27, 1989. The plaintiff alleges that for approximately 30 years he used Hogan's land as a runway to operate Johnnycake Airport. The plaintiff alleges further that he relied on representations made by Hogan that he wanted to provide for the continued use of the land by Pesce as an airport. The plaintiff's revised amended complaint alleges, in count one, a cause of action for negligent misrepresentation and, in count two, a cause of action for fraudulent misrepresentation.
On April 23, 1992, the defendants filed a motion for summary judgment on both counts of the plaintiff's complaint. In support of their motion, the defendants argued that the alleged facts could not support the imposition of liability on the grounds of either negligent or fraudulent misrepresentation.
On July 21, 1992, this court denied the defendants' motion for summary judgment. The court held that there were issues of material fact and accordingly, summary judgment was inappropriate. See [Memorandum of Decision Re: Motion for Summary Judgment #145], (July 21, 1992, Dranginis, J.) On March 31, 1993, the defendants filed the present motion for summary judgment and a motion for reconsideration of the court's ruling. The defendants now argue that material circumstances have changed since the court's original ruling and the defendants are entitled to summary judgment as a matter of law. The defendants and the plaintiff have submitted memoranda of law and various attachments in support of their respective positions.
Summary Judgment is provided for in Practice Book § 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." [Wilson v. NewCT Page 4918Haven], 213 Conn. 277, 279, 567 A.2d 829 (1980). "[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.'" Practice Book § 384; [Connecticut Bank TrustCo. v. Carriage Lane Associates], 219 Conn. 772, 780-81,595 A.2d 334 (1991). The moving party has the burden of showing that there are no material facts in dispute. [Connell v. Colwell],214 Conn. 242, 246, 571 A.2d 116 (1990). Thus, "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47.
In support of their present motion for summary judgment, the defendants argue that the only actionable conduct alleged in this suit is Mr. Hogan's statement that he liked Johnnycake Airport and wanted it to continue to be used as an airport even after his death. The defendants state that Mr. Richard Miller now owns the runway site and that he has entered into a lease with Mountain Meadows Corporation to utilize the runway. Therefore, the defendants argue, the plaintiff's claims are vitiated.
The defendants' claim of a change in "material circumstances," however, is hardly pertinent to the plaintiff's action for negligent and fraudulent misrepresentation. Although the present ownership and use of the ex-Hogan property may have some importance at trial, issues of material fact still remain in regard to the essential elements of the plaintiff's claims. Accordingly, for the reasons stated in the court's memorandum of decision, dated July 21, 1992, the defendants' motion for summary judgment is denied.
DRANGINIS, J.