[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is, an action for breach of contract brought by Groton Development Association, LP (Groton) against defendants International Fidelity Insurance Company (International Fidelity) and Nelson Mechanical Contractors, Inc. (Nelson) by an amended complaint dated October 10, 1994.[1]
According to the complaint, the facts are as follows. On December 21, 1987, Groton entered into a contract with Blosam Contractors Inc., (Blosam) whereby Blosam agreed to serve as a construction manager of a 324 unit apartment complex being developed by Groton on Long Hill Road, in Groton, Connecticut. Subsequently, on April 13, 1988, Groton entered into another contract with Components by Robert Battles, Inc. (Battles). Battles agreed to provide wood framing and other materials for the apartment complex. In order to protect itself from a breach of the Battles contract, Groton purchased a performance bond in the sum of $617,255.00 from International Fidelity. According to the Bond's terms, Fidelity agreed to indemnify and hold harmless Groton from any pecuniary loss as a result of any breach by Battles.
Count one alleges that Battles breached the contract in that the materials provided were inadequate, the workmanship was poor, and, that Groton and Blosam had to procure additional materials above the original contract price in order to finish the job. Groton also alleges that various claims have been made against it by creditors of Battles seeking reimbursement for labor and materials in amounts totaling $92,684.90. Groton admits, however, that no legal proceedings have been commenced in an effort to recover such sums. According to the complaint, Groton notified International Fidelity of Battles' alleged breach and sought indemnification for the mentioned amount, but International Fidelity has refused to pay out any monies under the bond from the bond. Thus, Groton claims that CT Page 12230 International Fidelity has breached the terms of the performance bond.
Count two of the complaint asserts that Groton entered into a contract with Nelson on April 5, 1988 whereby Nelson agreed to perform certain construction work on the project. The complaint alleges that Nelson breached its contract by failing to provide adequate materials and labor to the project in a timely manner, and by performing shoddy construction work which deviated from the project's specifications. Count two alleges that claims have been made against Groton by creditors of the defendant for materials and labor, including sums allegedly due the subcontractors under the Battles contract. Again, while admitting that no suit has been filed against Groton for any sum certain by any creditor, Groton asserts these claims total $92,684.90 in addition to the sum alleged in count one.
By separate motions filed with the court on June 27, 1995, both defendants moved for summary judgment as to the respective counts brought against them on the ground that there are no issues of material fact in dispute and that they are entitled to summary judgment as a matter of law. In particular, the defendants' basic claim is the Groton has not suffered any damages as a result of the breach and subsequent completion of the Battles contract because it did not have to spend any additional monies over and above the initial contract terms.[2]
Groton opposes the motions for summary judgment claiming that there is a genuine issue of fact in dispute as to whether Groton suffered damages as a result of the breach of the Battles' contract. All parties have submitted briefs in support of their respective positions, along with supporting affidavits, copies of the relevant contracts, and deposition testimony from some of the principles involved in the construction project.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there its no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate CT Page 12231 the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
"A performance bond guarantees that the contractor will perform the contract, and usually provides that, if the contractor defaults and fails to complete the contract, the surety can itself complete the contract or pay damages up to the limit of the bond." 17 Am.Jur.2d Contractors' Bonds § 1 (1990). In this case, International Fidelity issued a bond for the performance of the Battles contract. Plaintiff's brief in opposition to the motions for summary judgment asserts that Battles initially subcontracted a portion of its contract to Bayou Framing Contractors, Inc. (Bayou). When Battles went bankrupt and could not complete the contract, Bayou was hired to finish the work. Upon completion, Bayou allegedly asserted claims against Blosam for work performed and material supplied as a subcontractor of Battles, but not paid for by Battles.
The deposition of Peter Lewis, a partner of Groton, reveals that even though there were problems with the completion of the Battles contract, the work was eventually completed and was satisfactory to Blosam and to Groton.[3] It is also noteworthy that Lewis testified at his deposition that Groton paid no monies in excess of either the Battles contract or Nelson contract.[4] In an affidavit attached to Groton's memoranda in opposition, Lewis avers that "Although I believe that we have settled these claims with Bayou and Blosam by entering this agreement, I understand that Blosam and Bayou believe that they still have claims for damages against Groton. Whether their position is legally valid or CT Page 12232 supportable is an issue that would have to be litigated. Groton Development believes that it has a full and valid defense to these claims."
Rather than refute the defendants' assertions that Groton did not expend sums in excess of its original contractual obligations, Lewis in his deposition and affidavit supports the claim Groton has not paid out any sums above the respective contract provisions, although there is some concern about potential claims against Groton that have not yet come to fruition.
"In an action for breach of contract, the general rule is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that he would have been in had the contract been performed."Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397,405, 365 A.2d 1986 (1976). In this case, Lewis has admitted that no funds have been expended in excess of the agreed upon contract price. To the extent that some subcontractors might assert claims against Blosam or Groton for materials and labor supplied to Battles as part of a sub- contract or for work performed when Battles defaulted, the plaintiff has admitted in its pleading that no actions have been filed to collect the same. Thus, Groton's claims for damages are premature and speculative. Further, they have produced no evidence that would put in doubt the issue of whether Groton expended sums in excess of either the Nelson or Battles contract.
There being no genuine issue of material fact in dispute, the court finds that summary judgment should enter in favor of International Fidelity and Nelson on counts one and two respectively.
CONCLUSION
For the above stated reasons, the defendants' motions for summary judgment are granted.
Hurley, J.