[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a revised complaint filed with the court on December 19, 1993, the plaintiff, Alton Boyle (Boyle), seeks monies CT Page 14024 from the defendant, Allstate Insurance Company (Allstate), under a uninsured/underinsured provision of an automobile insurance policy issued to Boyle from Allstate.
The following facts are not disputed. On November 8, 1992, Boyle was driving one of his parent's three cars while working as a pizza delivery man for Pizza Hut. Driving on Colman Street in New London, Boyle was sideswiped by another vehicle driven by Rita Spears (Spears). As a result of the collision, Boyle lost control of his vehicle and collided with a tree. He was seriously injured.
At the time of the collision, the automobile that Boyle was driving had a total of $75,000 of uninsured/underinsured motorist coverage.[1] He subsequently collected $20,000 under Spear's policy. Because Boyle was working for Pizza Hut at the time of the accident, he received $28,078.13 in temporary total disability payments from Pizza Hut's worker's compensation carrier. In addition, Pizza Hut's compensation carrier paid $120,654.93 in medical benefits directly to Lawrence Memorial Hospital for care and treatment rendered to Boyle.
On August 21, 1995, Boyle moved for summary judgment claiming that there are no material issues in dispute and that he is entitled to summary judgment as a matter of law. Boyle's basic claim is that he is entitled to $55,000 under the uninsured/underinsured provision of his policy after deducting the $20,000 that he already received from Spear's policy. Boyle does not dispute that Allstate, under the terms of the policy, is allowed a credit or offset for all worker's compensation payments paid to Boyle. The parties, disagree, however, over how the deductions are to made. Boyle claims that Allstate is allowed to credit any worker's compensation payments from the total amount of damages incurred by him. In its cross-motion for summary judgment, Allstate claims that the offsets are to be subtracted from the total amount of coverage available under the uninsured/underinsured provision. Because the offsets allowed under the policy exceed the $75,000 coverage available, Allstate claims that Boyle is not entitled to any payment under the uninsured/underinsured provision of the policy. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
CT Page 14025
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
Since neither side disputes the facts of this case, its outcome rests on the interpretation of the insurance policy with reference to relevant case law. "Interpretation of an insurance policy . . . involves a determination of the intent of the parties as expressed by the language of the policy. . . . Unlike certain other contracts, however, where absent statutory warranty or definitive contract language the intent of the parties and thus the meaning of the contract is a factual question. . . construction of a contract of insurancepresents a question of law for the court." (Citation omitted; emphasis added.) Aetna Life Casualty Co. v. Bulaong,218 Conn. 51, 58, 588 A.2d 138 (1991).
The section entitled "Limits of Liability" under the uninsured/underinsured section of Boyle's policy states:
The coverage limit for:
 1. `each person' is the total of all damages arising out of bodily injury to one person in any one motor vehicle accident.
 2. `each accident' is the total limit for all damages arising out of bodily injury to two or more person in any one motor vehicle accident. This limit is subject to the limit for `each person.'
(Emphasis in original.)
Although the face sheet of the policy was not attached to the exhibit, both parties agree that the total amount of uninsured/underinsured coverage under the Allstate policy equals $75,000. Thus, relying on these undisputed facts, a reasonable inference can be made the Boyle can receive compensation for all his damages under the clause up to theCT Page 14026limits of the policy. The policy, however, goes on to state that:
The limits of this coverage will be reduced by:
 1. all amounts paid by the owner or operator of the uninsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy.
 2. all amounts paid or payable under any worker's compensation law, disability benefits law, or similar law.
 Damages payable under this coverage will be reduced by all amounts payable under Automobile Medical Payments, Basic Reparations Benefits, Added Basis Reparation Benefits, or any similar auto medical payments coverage.
Thus, under the terms of the policy, Allstate is allowed to credit the worker's compensation payments that Boyle received from Pizza Hut's compensation carrier, totaling $148,733.06, along with the $20,000 that Boyle received from Spear's policy, for a total offset of $168,733.06. Since these off-sets exceed the policy's limits ($75,000), Boyle is not entitled to any additional amount under the policy.
The policy language is clear and unambiguous. It states the "limits of this coverage" will be reduced by the credits discussed above. It does not state, as the plaintiff proffers, that the offsets are to be taken against the total amount of damages incurred.
Boyle's reliance on Monsees v. Cigna Properties, Inc.,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 0452744S 8 Conn. L. Rptr. 525 (March 19, 1993) (Langenbach, J.) in support of his position that Allstate is allowed to credit the worker's compensation payments against the total amount of damages incurred by Boyle is misplaced. Monsees is concerned with the initial determination of whether a vehicle is underinsured, and does not address the legal question of where such offsets are to be deducted from once a valid uninsured/underinsurance claim is made.[2] The case ofRydingsword v. Liberty Mutual Ins. Co., 224 Conn. 8, CT Page 14027615 A.2d 1032 (1992), while not directly on point[3], demonstrates that any set-offs taken under an uninsured/underinsurance policy clause should be taken from the underinsured policy limit, and not from the total amount of damages incurred by the injured party.
In Rydingsword, supra, the total value of plaintiff's claim, as found by an arbitrator, was $98,050.13. The tortfeasor's policy limit was $20,000, and the plaintiff had uninsured/underinsured coverage in the amount of $100,000. Since the total amount of coverage available to the plaintiff exceeded that held by the tortfeasor ($100,000 v. $20,000), the plaintiff had a valid underinsured/uninsured claim. Like the policy in this case, however, the defendant insurer was allowed to offset its underinsured/uninsured liability by deducting payments made to the plaintiff from the tortfeasor's policy ($20,000) as well as any workers compensation payments, realized or unrealized, to the claimant/plaintiff. These amounts totaled $67,747.73. Thus adding the $67,747.73 to the $20,000 received from the tortfeasor's policy, the defendant insurer was entitled to an total offset of $87,647.73. Deducting this amount from the total amount of uninsured/underinsurance coverage available ($300,000), the plaintiff still had underinsurance available in the amount of $212,352.27. ($300,000-$87,647.73). Since the total value of plaintiff's claim was $98,050,13, he was only allowed to collect a net award of $10,402.40 under the underinsured provision of his policy.
While the specific amounts are unimportant, it is important to note that the plaintiff in Rydingsword was allowed to collect $10,402.40 under his policy because the policy limit ($300,000) was not exhausted once the appropriate offsets were taken ($87,647.73). In the case now before the court, Boyle's $75,000 uninsured/underinsurance policy limit is completely exhausted by the total amount of the set offs ($168,733.06) that Allstate is allowed to take under the terms of the policy.
Thus, while Boyle initially was able to make a valid claim under his uninsured/underinsured motorist policy, he can not collect any additional amounts under it because the credits received in workers' compensation payments, along with the amounts received under the tortfeasor's policy, far exceed the limits of the uninsured/underinsurance clause. CT Page 14028
There being no genuine issues of material fact in dispute, the court finds that as a matter of law, Boyle's motion for summary judgment should be denied. Allstate's cross-motion for the same, however, should be granted.
CONCLUSION
For the above-stated reasons, the plaintiff's motion for summary judgment is denied. The defendant's cross-motion for summary judgment is granted.
Hurley, J.