[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mutual Security Federal Credit Union (hereafter "Mutual Security"), instituted this action against the defendants, Edgar G.T. Montes de Oca, Linda Montes de Oca, and Alvaro Montes de Oca and Rose G.T. Montes de Oca, seeking foreclosure of a mortgage given to Mutual Security by the defendants, which mortgage was used to secure a promissory note and credit agreement in the amount of $125,000 between the same parties.
On April 10, 1995, defendant, Edgar Montes de Oca, appeared pro se, and on August 14, he filed an answer and three special defenses. The court, Moraghan, J., struck two of the three special defenses on January 3, 1996. As of this date, the remaining three defendants have not appeared before the court, and a default has been entered against each of them for their failure to appear. Thus, "defendant" will be used to refer to Edgar Montes de Oca, the only appearing defendant in this action.
On February 1, 1996, Mutual Security moved for summary judgment on the issue of liability only as to all defendants. In support of its motion, Mutual Security has provided the court with appropriate documentation of the debt. No opposition has been filed by any of the parties, including the appearing CT Page 1654 defendant, Edgar Montes de Oca.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279.
Practice Book § 385 provides, in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the court shall order an immediate hearing before a referee, before the court, or before a jury, whichever may be proper, to determine the amount of damages."
In this case, there is no issue as to any material fact, and therefore, Mutual Security is entitled to judgment as a matter of law. Although in his answer, the defendant generally denied each and every allegation of the plaintiff's complaint, no genuine issue exists as to his involvement in the mortgage, note and credit agreement because (1) the certified documentation provided by Mutual Security in support of its motion makes a prima facie showing of his participation; (2) the defendant's special defenses do not challenge the validity of the debt, only the amount;[1] and (3) no opposition to the motion for summary judgment was filed by the defendant.
Thus, although the defendant purported to enter a general denial to all the allegations of the complaint, there is no genuine issue of material fact as to his liability on the mortgage, note and line of credit agreement. Accordingly, Mutual Security's motion for summary judgment as to liability is granted.
Moraghan, J.