[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
On November 14, 1994, the plaintiffs, Alan and Rebecca Bennett, commenced this action against the defendant, Colonial Homes, Inc. In their three count amended complaint filed on November 20, 1995, the plaintiffs allege that they entered into a written agreement with the defendant for the construction and CT Page 1968 purchase of a new home. The plaintiffs allege that within one year after completion of the house they discovered several defects. The plaintiffs bring claims for breach of warranty, fraud in the inducement and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a.
On February 1, 1996, the defendant filed a motion for summary judgment, accompanied by a memorandum, an affidavit of Walter Cromwell, president of the defendant Colonial Homes, Inc., and exhibits. On February 26, 1996, the plaintiffs filed an objection to the defendant's motion for summary judgment accompanied by exhibits in support of their objection.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). In deciding a motion for summary judgment the court is, "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 110. In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id, 106.
The defendant moves for summary judgment on the ground that Country Club Homes, Inc. is the party that constructed the premises and not the defendant. Therefore, the defendant is not liable to the plaintiffs for any defects in the house. Thus, the defendant contends that no issue of material fact exists.
The plaintiffs argue that based on the correspondence between the plaintiffs and the defendant, it appears that Country Club Homes, Inc. and the defendant are alter-egos of each other. Furthermore, the plaintiffs contend that the correspondence from Mr. Cromwell, president of Colonial Homes, Inc., indicates that the defendant is the builder of the plaintiffs' house.
The defendant provides an affidavit from Walter Cromwell which CT Page 1969 states that the defendant is not the builder of the plaintiffs' home and that it had no involvement in the construction of the plaintiff's home. The plaintiffs provide correspondence that was sent by the defendant and signed by Mr. Cromwell which discuss the various construction plans pertaining to the plaintiffs' home. Furthermore, the plaintiffs provide a letter signed by Mr. Cromwell with Country Club Homes, Inc. letterhead that discusses the type of marble that should be used for the plaintiffs' fireplace. Finally, the plaintiffs provide a copy of a check sent by Country Club Homes that is signed by Mr. Cromwell.
Based on the evidence submitted by the plaintiffs, the court finds that there is a question of fact as to whether the defendant is responsible for the construction of the plaintiffs' home. The defendant's motion for summary judgment is denied.
JOHN J.P. RYAN, JUDGE