[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Paul and Elaine Schratwieser, bring this action against the defendant, Hartford Casualty Insurance Co., for failure to pay the proceeds of an insurance policy purchased by Paul Schratwieser. In their three count amended complaint dated November 30, 1995, plaintiffs allege that on November 29, 1991, Elaine Schratwieser, daughter of Paul Schratwieser, (hereinafter plaintiff), was a passenger in a car that collided with another vehicle at an intersection. In count one the plaintiff alleges a claim for uninsured motorist insurance in that the driver of the car which collided with the vehicle in which she was a passenger did not have insurance. In count two the plaintiff alleges a claim for uninsured motorist insurance in that the driver of the car in which she was a passenger was underinsured. In count three the plaintiff further alleges that Paul Schratwieser's insurance policy was in full force on the day of her accident and that she is an insured under such policy. The plaintiff alleges that the CT Page 3016 defendant's failure to notify the plaintiff in a timely manner that her claim was being denied constitutes a breach of the implied covenant of good faith.
The defendant has filed a motion (#116) for summary judgment accompanied by a deposition and exhibits in support of its motion. In opposition to the motion for summary judgment, the plaintiff filed an affidavit and portions of a deposition by the plaintiff, Elaine Schratwieser-Currie.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 227, 279, 567 A.2d 829
(1989). In deciding a motion for summary judgment the court is "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v.Dickmont Plastics Corp., supra, 110. In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 106.
The defendant moves for summary judgment on the ground that Elaine Schratwieser was not a resident of her father's household at the time the accident occurred, and thus is not an insured under the insurance policy at issue. The defendant further moves for summary judgment as to Paul Schratwieser because he has not asserted any claim on his own behalf.
In defining "resident of the same household" in an insurance policy, the Supreme Court held that such a phrase was not ambiguous in its meaning, and applied the dictionary meaning which defines household as "[t]hose who dwell under the same roof and compose a family: a domestic establishment; specifically: a social unit comprised of those living together in the same dwelling place."Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 686,590 A.2d 957 (1991). On the basis of this definition, the courts have established two criteria that must be met for a person to qualify as a resident of the same household. "[F]irst, whether the CT Page 3017 evidence [is] sufficient to establish that the plaintiff had a close, family-type relationship with members of the household . . . . [S]econd whether the facts [are] sufficient to establish that the plaintiff actually lived in the household." (Citations omitted.) D'Addio v. Connecticut Ins. Guaranty Assn., 30 Conn. App. 729,734, 622 A.2d 609 (1993).
"In cases where the party sought to be brought under the policy in fact lived in and/or maintained at least a temporary residence other than or in addition to the residence covered in the policy it becomes important for the court to examine factors such as mailing or tax address, voting address, location of at least some personal belongings, etc." Meola v. Peerless Ins. Co.,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 528700 (July 26, 1994, Corradino, J.,9 CSCR 893). Furthermore, before these factors become critical, the plaintiff claiming coverage must meet a threshold requirement that at the time of the accident or a reasonable time before it, she actually lived in the parental home or under the same roof. Id.
The defendant provides the plaintiff's deposition in support of its summary judgment motion. The plaintiff testified to the following: in September of 1990, after graduating from college, she obtained full-time employment in Washington, D.C. and moved to her own apartment in Virginia, residing there up to and including the time of her accident on November 26, 1991. Her home telephone number was a Virginia number and her car was registered and insured in Virginia. At the time of her accident she was visiting her parents' home in Harrison, New York, for the Thanksgiving holiday. The plaintiff does not present any evidence to rebut the facts set forth by the defendant. The plaintiff only submits her affidavit which states that she has her own room and her own keys to her parents' home, stores some personal belongings there, and "intended," at some undisclosed time to "return [ing] to Harrison, New York." She also spend some weekends and holidays with her parents. The defendant has presented sufficient evidence to show that the plaintiff's residence is in Virginia and not in New York with her parents. Thus, no genuine issue of fact exists as to where the plaintiff resides. Accordingly, the defendant's motion for summary judgment is granted.
The plaintiff Paul Schratwieser has not asserted any claim on his own behalf, and therefore the defendant's motion for summary judgment is also granted as to Paul Schratwieser. CT Page 3018
So Ordered.
Dated at Stamford, Connecticut this 4th day of April, 1996.
WILLIAM BURKE LEWIS, JUDGE