[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a one count complaint dated April 11, 1995, and filed with the court on May 2, 1995, the plaintiff, Universal Realty Corporation Pension Plan and Trust (Universal), seeks to collect on a promissory note executed by the defendant Ruth E. Sieron (Sieron) in the amount of $18,853.39. The complaint alleges that the principal and accrued interest on the note has not been paid by the defendant. The plaintiff seeks the collection of the same as well as attorney fees.
On June 22, 1995, the defendant filed a document entitled "Answer and Special Defenses." A close examination of the file, however, reveals that the defendant's answers are really in the form of interrogatories. In this same "answer," however, the defendant raised three special defenses all of which attempt to state claims in fraud and misrepresentation. On September 8, 1995, the plaintiff filed a motion to strike the special defenses on the ground of legal insufficiency. Said motion was granted by the court (Hurley, J.) on September 9, 1995. CT Page 4144
On November 1, 1995, the plaintiff filed a motion for summary judgment alleging that there were no material issues of genuine fact in dispute and that the plaintiff was entitled to summary judgment as a matter of law. Attached to the plaintiff's brief is the affidavit of Gary Polyviou, President of Universal, setting forth the terms of the conditions of the note and averring that the principle and interest on said note has not been paid by the defendant. Also attached to the plaintiff's brief is a copy of the executed note. Even though the defendant had failed to file an opposing brief or attach any counter affidavits, the court (Hurley, J) denied the plaintiff's motion for summary judgment on the ground that the plaintiff was a dissolved corporation and had no standing to bring this action.
On December 26, 1995, the plaintiff filed a motion to reargue its previous motion for summary judgment. Said motion was granted by the court on December 26, 1995.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "Although the party seeking summary judgment has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
Upon a more thorough review of Connecticut's General Statutes, the court realizes that its earlier denial of the plaintiff's motion for summary judgment was in error. General Statutes § 33-378 (e) states in part that "[a]ny action . . . by . . . a dissolved corporation may be prosecuted . . . by the corporation in its corporate name . . . ." Therefore, the plaintiff has standing to prosecute against the defendant for her failure to pay on the note. CT Page 4145
Moreover, the defendant has failed to file any opposing brief or counter affidavits which would tend to show any dispute as to the validity of the note and her obligation to meet its terms and condition.
Therefore, there being no genuine issue of material fact in dispute, the plaintiff's motion for summary judgment is granted.
Hurley, J.