[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff filed an action to collect upon a written contract against the defendant on August 12, 1998. In its complaint plaintiff claimed that defendant defaulted on her obligations under the contract to pay for an automobile. Plaintiff repossessed the automobile and sold it for a sum less than the CT Page 13353 amount owed by the defendant. Plaintiff brought this action to collect money damages, costs and attorneys fees and requested a weekly payment schedule be entered against the defendant.
On September 22, 1998, the defendant filed a pro se appearance and an Answer with no Special Defense. In her answer the defendant admitted all of the plaintiff's allegations.
On October 5, 1998, the plaintiff filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact and that the plaintiff is entitled to judgment as a matter of law.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). The granting of a motion for summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies, 233 Conn. 732, 751
(1995).
This court finds that there are no genuine issues of material fact in dispute, and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the Motion for Summary Judgment is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT