[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW (MOTION FOR SUMMARY JUDGMENT)
The plaintiff has filed a Motion for Summary Judgment dated June 22, 1999 in its action seeking to recover on a claim for liquidated damages. The defendant disputes that any unpaid balance allegedly due is a "liquidated balance due for an agreed upon amount." The defendant denies that any balance is due, and further states that any balance alleged to be due the plaintiff, is a result of a field audit by the plaintiff. This field audit claims that the defendant had employees, which had not been disclosed to the plaintiff and for whom worker's compensation premiums were not paid by the defendant. The plaintiff alleges that additional premium payments are due. The defendant, in turn, denies that it had the alleged additional employees, and thus, has refused to pay additional premiums to the plaintiff, as a result of the plaintiff's field audit.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party, in this case the plaintiff, has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co.,
supra, 245 Conn. 381. "The opposing party, the defendant, must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v.Dickmont Plastics Corp. , 229 Conn. 99 (1994).
The court finds that there is a genuine issue of fact, in that the plaintiff, in order to recover, will have to prove that CT Page 13848 each of the individuals claimed to have been employees of the defendant during the times alleged in the complaint, were the defendant's employees; that they did not have their own workers' compensation coverage; and finally, that the claims made in its field audit are true. This is not a liquidated damages claim for an agreed upon amount due, and there are genuine issues of materials facts.
Accordingly, the plaintiff's Motion for Summary Judgment is denied.
The Court
By Arnold, J.