[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT MR. G'S MOTION FOR SUMMARY JUDGMENT
This case arises out of injuries allegedly received by the plaintiff when she slipped and fell. She had just dined in the defendant Mr. C's, exited the restaurant and fell while she was walking to her car. The restaurant is located at 452 Williams Street in New London. The real property is owned by the defendants Peter and George Gianakos and the restaurant itself is occupied and operated by Mr. C's. Peter and George Gianakos are officers and directors of the restaurant.
The plaintiff sued both the City of New London and Mr. G's. In the revised complaint the first count alleges the city was negligent; the CT Page 5732 plaintiff fell due to the sidewalk's defective condition which the city had a duty to maintain. The first count states the city has a duty to make "certain that said sidewalks remain level with adjacent concrete in order that pedestrians may pass safely." The 425 Williams Street property is abutted by a public sidewalk.
In the second count, the plaintiff alleges, in language significant at least to the court, that she "tripped on the uneven sidewalk/walkway leading to and from the restaurant owned by the defendant Mr. C's." The plaintiff was a "business invitee" of the defendant Mr. C's.
The defendant Mr. G's has filed a motion for summary judgment claiming "no genuine issue of material fact exists as to Mr. G's lack of ownership, maintenance or control of the area where the plaintiff fell." The plaintiff fell where the red and white colored sidewalks meet according to the defendant's characterization of the plaintiff's deposition testimony — "that would be the crack" where she fell according to this portion of her deposition testimony. A survey was prepared by the defendant and a map submitted. According to the survey the area where the red and white sidewalks meet is part of Williams Street The survey and attached map have not been challenged or questioned by the plaintiff or the defendant city who have both filed memorandums opposing Mr. C's motion for summary judgment.
The standards to be applied in deciding a motion for summary judgment are well known. If there is a genuine issue of material fact it must not be decided by the court because parties have a right to a jury trial. On the other hand, where a motion is meritorious it should be granted since parties should not be unnecessarily exposed to the expense and burden of litigation. It is also true that what is or is not a "material fact" depends on the legal theory being advanced or which is necessarily implied from the pleadings.
The defendant Mr. G's relies on Wilson v. New Haven, 213 Conn. 277
(1989) and its general language at page 280: "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of (its) property in a reasonably safe condition for travel." In Wilson, the plaintiff sued both the city and the abutting landlord, the Yale University Elizabethan Club Corporation. The trial court granted the summary judgment motion of the Elizabethan Club and its motion was granted. The Supreme Court upheld the trial court. In Wilson, there was no evidence that the plaintiff was a business invitee of the Elizabethan Club or was entering or departing from that establishment. The sidewalk was 10 feet wide, the city had designated a five foot area from the curb to the center of the sidewalk as a "treebelt" strip, the site of the accident was two feet from the CT Page 5733 curb which placed it within the "treebelt" portion of the sidewalk.
The defendant Mr. C's also points to the case of Sawicki v.Connecticut Ry. Lighting Co., 129 Conn. 626 (1943) which at page 633 states "a landowner is not liable for injuries sustained by travelers upon the highway as the result of conditions which (the landowner) has not been instrumental in creating or maintaining." The defendant notes that the sworn affidavits of Peter and George Gianakos indicate Mr. C's did not plan or construct either the red walkway or the white concrete sidewalk. Mr. C's also did not maintain the area alleged to be a defect.
The parties in this case spend much time arguing over whether the defendant Mr. C's had control over the sidewalk where the plaintiff fell. The defendant city tries to argue that there is no real dispute as to whether the plaintiff fell on a defect located in the public sidewalk or on property occupied by Mr. G's — it points to deposition testimony from the plaintiff and witnesses to the effect that the defect on which she fell was clearly not on any property or area Mr. C's had control over. The plaintiff points to the fact that Mr. C's employees inspect the sidewalks in front of the restaurant to make sure there is no obstruction or debris. There is a statute, § 7-148 (e)(6)(c) which requires owners or occupants of land adjacent to any sidewalk to remote debris or other obstruction from the sidewalk, see New London ordinance 08-03-98-1 to the same effect. The defendant is correct in saying that even assuming the statute or ordinance were not complied with, this would not create a private cause of action for the plaintiff. See Santana v. City of Hartford, 11 Conn.L.Rptr. 255 (1994). The defendant Mr. C's is quite correct in also stating that the color of the sidewalk does not create an issue of control as the plaintiff seems to argue. Furthermore, the court has no obligation to examine the lease between Mr. C's and the Gianakos'. The fall, according to the survey maps, indicates the plaintiff fell on land not owned by the lessor so what could the lease have to say on the issue of control by the lessee of the area where the defect was located?
The problem the court finds with the defendant Mr. C's motion, however, does not center on the issue of who had control of the area of the sidewalk where the defect causing injury was located. Questions of control and maintenance do not constitute the whole universe of negligence law as it applies to premises liability. Premises liability in fact can be viewed as a subcategory of negligence law and is specialized insofar as it take account of the particular concerns raised by imposing liability on landowners.
This court had a case which raises similar issues to that raised here,Desy v. Dominick, 1995 Ct. Sup. 1398 (Hartford Sup. Ct.). There, the CT Page 5734 plaintiff brought an action for personal injuries sustained by the plaintiff as she exited the defendant's store. In fact, she had just exited from the store, she fell when her "shoe got caught in a crack in the concrete sidewalk immediately in front of the front door of the store." The defendant store filed a motion for summary judgment claiming under the terms of the lease it had with the property owners, the lessor retained control over the sidewalk. The court in denying the motion for summary judgment in effect did not let the issue of actual control of the sidewalk determine the case's outcome and said in part:
 Here we have a case where the plaintiff alleges she was a patron of the defendant, a business invitee. She enters the store and immediately outside the door through which one exits from the store she is caused to fall by a defective condition in the sidewalk. It seems to me that a tenant running a business who knows customers enter and exit through a particular door should be held liable for injuries incurred by those customers immediately outside that door by a defect in the sidewalk at that location. The fact that the tenant has a lease wherein the landlord assumed repair responsibilities only for the rented premises and the tenant does not assume any obligations vis a vis the landlord for maintenance of property beyond the actual building rented does not answer the question as to whether the tenant has any duties to third party business invitees injured after stepping out the very door it provides for people to have access to its business. This case is more like Ford v. Restaurant Employee Bartenders Union, 155 Conn. 24, 35 (1967). There patrons at a dance were injured when they exited a door and fell down a stairwell exterior of the building. The defendant lessee argued it was not in control of the stairwell and parking lot exterior to the building. The court said that was irrelevant since the defendant was in control of the door "and in the exercise of reasonable care, it should have known of the existence of the dangerous condition and should have taken appropriate steps to prevent its invitees from using the door." Id., page 35. If the defendant says, if that particular door could not be used we could not operate our business that would be unfortunate but cannot be used as a device to deny liability to people who it puts at risk by inviting them into its store to do business through an entrance and exit CT Page 5735 leading directly to a defective condition. The defendant could have put up a warning or it could have requested that the landlord repair any defect.
 It should not be allowed on the state of the evidence before the court to escape a determination on whether it is liable in common law negligence.
The depositions submitted in this case from the plaintiff and two witnesses offer little on the issue of control but do indicate that the plaintiff fell right after she exited the entrance — Mrs. Major said she was walking out the door and tripped although she could not estimate how many steps she took. Ms. Atkins testified the plaintiff took two quick steps and fell; Montgomery, in his deposition, made a similar observation.
The test on summary judgment is whether the moving party would be entitled to a directed verdict, Batick v. Seymour,180 Conn. 632, [186 Conn. 632], (1982) and the evidence before the court is to be viewed in the light most favorable to the non-moving party Connell v. Connell, 214 Conn. 242
(1990).
Given the fact that there is evidence to believe that the defect causing the fall was very close to the entrance, under the reasoning ofDesy the court is not prepared to take the issue of negligence from a jury. An establishment cannot invite patrons to enter and exit its business when it knew or should have known of a defect that could cause injury by use of that entry or exit. And there is reason to assume such knowledge given the statutory and ordinance requirements referred to even though they say nothing on the issue of control as such.
In other words, it can be said, at common law, interested as it is in property ownership, that liability will not be imposed on abutting landowners or landlords in general when a person trips on a defect the landowner did not create or where the defect exists on property adjacent to the landowner's property but over which he or she has no control. It is entirely something else to preclude liability when a store owner or business invite people to enter and exit a particular location, use of which presents a danger. To the court at least this is the only way to reconcile, Ford v. Restaurant Employee and Bartenders Union, 155 Conn. 24
(1967) with the general duty of law in this area.[1]
The motion for summary judgment is denied.
Corradino, J. CT Page 5736