[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff Jane Doe filed a three count complaint on June 15, 2000. The complaint alleges the following facts. The plaintiff is a resident of Milford, Connecticut. Prior to April 25, 2000, the plaintiff opened a checking account at a branch of the defendant CFS Bank, also in Milford. The plaintiff conducted all of her banking transactions at the Milford branch. On or about April 25, 2000, the defendant notified the plaintiff that it had placed a "legal hold" on her checking account, denying the plaintiff access to her funds. A New York judgment was entered against the plaintiff and, on or about May 18, 2000, the defendant notified the plaintiff that a levy was placed on the plaintiff's account to satisfy that judgment.[1]
In count one of her complaint, the plaintiff alleges that the defendant's refusal to give the plaintiff access to her funds violates the plaintiff's rights and protections set forth in General Statutes §§ 52-367a, 52-367b and 52-604 et seq. The plaintiff seeks a judgment of $2385.40, the amount that was in her account at the time the defendant placed the hold. In count two, the plaintiff alleges that the acts or practices of the defendant constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA). In count three, the plaintiff alleges that the defendant is subject to punitive damages under CUTPA. CT Page 13082
On July 12. 2000, the plaintiff filed a motion for summary judgment on count one of the complaint accompanied by a memorandum of law. On July 28, 2000, the defendant filed an objection to the plaintiff's motion for summary judgment.
"[A]ny party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial." Practice Book § 17-44. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
 I
Before this court can act on the plaintiff's motion for summary judgment, it must first determine Whether the New York judgment is in the same jurisdiction as the plaintiff's bank account by virtue of the defendant's main office being located in New York. This appears to be a case of first impression in Connecticut because the courts have not examined the situs of a Connecticut resident's bank account for the purpose of levying an out-of-state judgment.
The defendant argues that the New York judgment is not being enforced in Connecticut, but in New York against the defendant in the New York case (the plaintiff in this case). In support of its argument, the defendant cites Digitrex, Inc. v. Johnson as standing for the proposition that in New York, a restraining notice served on the main office of a bank is effective to reach accounts maintained at the bank's branches.Digitrex, Inc. v. Johnson, 491 F. Sup. 66 (N.D.N.Y. 1980). In Digitrex,
the plaintiff obtained a judgment in the United States District Court for the Southern District of Texas. Id., 67. The plaintiff caused a restraining notice to be served on Manufacturers Hanover's main office in New York to effect the defendant's account at one of the bank's branches, also located in New York. Id. Prior to Digitrex, "the New York rule, adopted for federal purposes, [was] that each branch of a bank [was] a separate and distinct business entity. . . ." (Citations omitted; internal quotation marks omitted.) Id., 68. The court made an exception to the separate entity rule and permitted a restraining notice, which was served on the bank's main office, to be effective at the bank's branch office. Id. The court stated: "We take judicial notice of the fact that the operations at most if not all New York City commercial banks . . . have become largely computerized. . . . Consequently it is clear that the argument in favor of the rule . . . is no longer persuasive." Id. CT Page 13083
The defendant, however, fails to address two subsequent cases that feature restraints on the Digitrex exception. In Fidelity Partners, Inc.v. Philippine Export and Foreign Loan Guarantee Corp., the court rejected the plaintiff's attempt to secure a post judgment order of attachment and execution against accounts held at an overseas bank by going through a bank branch in New York. Fidelity Partners, Inc. v. Philippine Export andForeign Loan Guarantee Corp., 921 F. Sup. 1113 (S.D.N.Y. 1996). "Although Fidelity argues that nothing more than a valid money judgment is necessary for the issuance of a restraining order and an order of execution, the law in fact does require more: it requires that the property sought to be levied against exist within the jurisdiction. . . ." (Citations omitted.) Id., 1120. In another case, the court stated that "[t]he Digitrex exception to the separate entity rule is only applicable where:
(1) the restraining notice is served on the bank's main office;
(2) the bank's main office and branches are within the same jurisdiction; and (3) the bank branches are connected to the main office by high-speed computers and are under the centralized control of the main office. . . ." (Citations omitted.) Limonium Maritime v. MizushimaMarinera, 961 F. Sup. 600, 607 (S.D.N.Y. 1997)
In the present case, the bank's main office is not in the same jurisdiction as the branch at which the plaintiff's bank account is located. The New York federal district courts do not permit a New York restraining notice to extend to a bank branch outside of New York. Therefore, this court considers the New York judgment against the plaintiff to be a foreign judgment as it is not within the same jurisdiction as "the defendant's Connecticut branch.
 II
In Connecticut, foreign judgments are governed by the Uniform Enforcement of Foreign Judgments Act. "The UEFJA, which was adopted by Connecticut in 1973, permits a foreign judgment creditor to seek payment on a valid foreign judgment by simply filing such judgment and supporting documents with the court in which enforcement of such judgment is sought." Showmart Management v. Satra Arts International, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135507 (February 23, 1994, Karazin, J.). Under the Uniform Enforcement of Foreign Judgments Act, a foreign judgment is "any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." General Statutes CT Page 13084 § 52-604. A judgment creditor may file the foreign judgment with the Connecticut courts and the foreign judgment is treated in the same manner as a judgment of a court of this state. General Statutes § 52-605. Alternatively, "foreign judgment that is based upon a default in appearance is not given full faith and credit, and the party seeking to enforce the judgment must proceed pursuant to § 52-607 by commencing an independent action on the judgment." Medstar Leasing v. Hagerbrandt,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142009 (April 10, 1995, Karazin, J.).
The defendant offers no evidence that it, or the party seeking enforcement of the New York judgment, filed the foreign judgment with a Connecticut court or that it sought enforcement through an independent action on the judgment. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998). Because the defendant failed to provide evidence that it followed the statutory guidelines for enforcing a foreign judgment, the court hereby grants the plaintiff's motion for summary judgment and the relief she seeks.
GROGINS, J.