RICHARD W. WILSON *v.* CITY OF NEW HAVEN ET AL.
(13606)

SHEA, CALLAHAN, COVELLO, HULL and SANTANIELLO, JS.

Argued October 3—decision released December 26, 1989

*Jackson T. King,* with whom, on the brief, was *Susan King Shaw,* for the appellant (plaintiff).

*William C. Turney,* for the appellee (defendant Yale University Elizabethan Club Corporation).

SANTANIELLO, J. The plaintiff brought this action against the defendants, the city of New Haven and the Yale University Elizabethan Club Corporation (Elizabethan Club), seeking damages for injuries sustained as a result of a fall on October 3, 1981, caused by a raised, broken and uneven section of sidewalk located on College Street in New Haven. Count one was directed against the city for breach of a statutory duty. Count two alleged negligence against the Elizabethan Club, the abutting landowner.

The Elizabethan Club filed a motion for summary judgment asserting that there were no material issues of fact and that it owed no duty to the plaintiff. The motion was granted by the trial court and affirmed by the Appellate Court in a per curiam opinion, *Wilson v. New Haven,* 17 Conn. App. 806, 550 A.2d 902 (1988).

We granted certification of the plaintiff's appeal from the Appellate Court limited to the question of whether the Appellate Court erred in affirming the trial court's granting of the Elizabethan Club's motion for summary judgment.

The plaintiff argues that the Appellate Court erred in: (1) failing to consider the common law exceptions to the general rule of no liability of an abutting landowner; (2) ruling that repairs subsequent to the accident by the abutting landowner did not raise a material issue of fact because the abutting landowner owed no

duty at the time of the accident; and (3) ruling that the location of the accident did not raise a material issue of fact regarding the abutting landowner's duty.

The factual background of this case is as follows: The plaintiff instituted an action to recover damages for injuries he sustained when he allegedly fell on a section of public sidewalk that abuts property owned and occupied by the Elizabethan Club. The Elizabethan Club filed a motion for summary judgment. The affidavits submitted in support of the motion for summary judgment indicated that the street on which the accident occurred contained a ten foot wide public sidewalk. The city had designated a five foot area extending from the curb to the center of the sidewalk as a "treebelt" strip, apparently because there were unpaved sections of sidewalk at intermittent points designed for the planting of trees. The site of the accident was alleged to be two feet from the curb, which would place it within the "treebelt" portion of the sidewalk. Repairs were made to the site by the abutting landowner approximately two months after the accident, but there was no claim of any repairs prior to the accident. This court must therefore decide under these facts whether the trial court erred in granting the motion for summary judgment.

Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 380; *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 316–17, 477 A.2d 1005 (1984). The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. See *Dowling* v. *Kielak*, 160 Conn. 14, 16, 273 A.2d 716 (1970). The test for granting summary judgment is whether the moving party would be

entitled to a directed verdict on the same facts. *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982).

The abutting landowner argues that under the facts of this case it owes no duty to the plaintiff. An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. *Tenney* v. *Pleasant Realty Corporation,* 136 Conn. 325, 329, 70 A.2d 138 (1949); *Jankowski* v. *Bridgeport,* 34 Conn. Sup. 1, 3, 373 A.2d 1 (1977). In the instant case the plaintiff does not claim that there is a statute or ordinance that created a duty owed to the plaintiff by the abutting landowner. The plaintiff argues that under the common law a showing of control or maintenance of the area of the accident may give rise to a duty owed by the abutting landowner, and that he has raised issues of fact concerning control or maintenance of the sidewalk. None of the affidavits submitted supports this contention.

The trial court found that repairs made subsequent to the accident do not raise a material issue of fact because control after the accident does not establish a duty at the time of the accident. In reaching this decision the trial court clearly took into consideration possible common law exceptions to the general rule of nonliability. Had the trial court not considered any common law exceptions there would have been no need to discuss the issue of subsequent repairs because the general rule would have been dispositive. The plaintiff's first claim of error is therefore without support.

The decision of the trial court on the issue of subsequent repairs is supported by the affidavits. In answers to interrogatories the Elizabethan Club stated that it had made repairs to the site of the accident in December, 1981, or early 1982, at least two months after the accident. An affidavit of a city public works employee

reveals only that repairs had been made sometime within two years before May, 1987. There is no evidence of repairs prior to the accident nor any other indication of control or maintenance of the sidewalk by the abutting landowner at the time of the accident. Evidence of subsequent repairs does not necessarily indicate control at the time of the accident. See C. Tait & J. LaPlante, Connecticut Evidence (2d Ed.) § 11.5.4.; see also *Mulligan* v. *New York University,* 254 App. Div. 107, 3 N.Y.S.2d 982 (1938). A good faith effort by an abutting landowner to remove a hazardous condition on a public sidewalk after an accident is insufficient to raise a material issue of fact concerning control of the sidewalk at the time of the accident.

This is not a situation where a hazardous condition was created by the abutting landowner. See, e.g., *Perkins* v. *Weibel,* 132 Conn. 50, 42 A.2d 360 (1945); *Hanlon* v. *Waterbury,* 108 Conn. 197, 142 A. 681 (1928). Under these facts there is no duty owed by the Elizabethan Club to the plaintiff.

It is further argued by the plaintiff that the location of the accident raises material issues of fact as to the Elizabethan Club's liability. There is no merit to this claim. The complaint is very specific in identifying the site of the accident, and there is no dispute over this location. The only source of confusion appears to be whether the site of the accident is labeled a public sidewalk or a "treebelt." As the trial court correctly determined, this distinction is irrelevant under these facts. The plaintiff alleged a fall on a raised and broken piece of sidewalk. The designation of this portion of the sidewalk as part of an area in which some trees will be planted does not create a duty owed by the abutting landowner.[1]

---

[1] The facts of this case are clearly distinguishable from *Allen* v. *Mussen,* 129 Conn. 151, 26 A.2d 776 (1942), where an abutting landowner was held to a duty of reasonable care after the abutter erected a small fence around

We find that the plaintiff has not raised material issues of fact regarding the creation of a duty owed by the abutting landowner. The plaintiff fell on a public sidewalk as a result of a condition that was not created by and was not within the control of the abutting landowner.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

a grassy area between the curb and sidewalk. A local ordinance required the landowner to mow the grass. In the instant case the plaintiff fell in an area designed for public travel, and the abutting landowner did not create any structure that could create a hazardous condition.