[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#114)
On September 13, 1991, the plaintiff, Household Realty Corporation filed a complaint in which it alleged that by their note dated June 6, CT Page 9728 1987, the defendants, Thomas and Patricia Martin, promised to pay to the plaintiff forty-five thousand dollars ($45,000.00) plus interest. To secure this note, the defendants mortgaged to the plaintiff property and buildings thereon located in Kent, Connecticut. The note and mortgage are now in default due to nonpayment and, pursuant to the option contained in the note, the plaintiff has declared the entire balance due. The plaintiff claims that the principal balance on the note is $44,156.73 plus interest. It is further alleged that another defendant, Centerbank, claims an interest in the mortgaged premises by virtue of a subsequent mortgage in the sum of $212,000.00 which was recorded October 11, 1988. The plaintiff seeks, inter alia, a foreclosure of the mortgage and immediate possession of the premises.
On December 3, 1990, the defendant Centerbank filed an answer in which it denied that its mortgage is subsequent and subordinate to that of the plaintiff. Centerbank also filed a special defense in which it asserts that, on October 3, 1988, defendants Thomas and Patricia Martin executed a promissory note in favor of Centerbank in the amount of $212,000.00 and, to secure the repayment of that note, Centerbank took a mortgage from the Martins on the premises in question. Centerbank claims that, on October 7, 1988, the Martins tendered a trustee check in the amount of $46,923.02 to the plaintiff as full payment of the note and mortgage held thereby, and that the plaintiff accepted this payment on the condition that it would execute and deliver to the Martins a release of said mortgage. Centerbank claims that the plaintiff never provided the release, and that Centerbank's interest in the subject premises should be considered prior in right and in interest to that of the plaintiff.
On December 6, 1990, the plaintiff replied to the special defense, denying the allegations set forth therein or leaving the defendant to its proof. On September 25, 1991, Centerbank filed a motion for summary judgment and attached thereto a supporting memorandum of law and affidavits. On October 15, 1991, the plaintiff filed a memorandum opposing the motion for summary judgment and attached thereto a supporting affidavit.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried. . . Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). CT Page 9729
The defendant, in its memorandum in support of its motion, claims, inter alia, that it relied upon the plaintiff's representations to Centerbank's attorney, Edward Hannafin, that a release would be issued to the Martins -upon receipt of payment in full and, therefore, the plaintiff should be estopped from asserting that their mortgage is prior in right to that of Centerbank when the plaintiff failed to issue the release. Centerbank also claims that the plaintiff's failure or refusal to forward a release constitutes a breach of its contract with the Martins as well as a violation of General Statutes 49-8. Consequently, Centerbank asserts that it is entitled to summary judgment. The plaintiff, in its opposing memorandum, claims that questions of fact exist, specifically whether or not a request for a release on the open-ended mortgage was requested or a promise for such was granted. Accordingly, the plaintiff states that summary judgment is not appropriate.
Centerbank has submitted the affidavit of Attorney Edward Hannafin, its 1988 counsel with regard to the Martins' mortgage. Mr. Hanafin claims, inter alia, that on October 7, 1988, he delivered a pay-off letter and a trustee's check in the amount of $46,923.02, the pay-off amount, to Ms. Janet Marchlewski, an employee of the plaintiff and that he specifically requested that the plaintiff and Ms. Marchlewski mail the release of the Martins' mortgage to him. Affidavit of Edward Hannafin, pp. 9, 10. Mr. Hannafin states that while he was told a release would be forthcoming, it was never received. Id. at p. 12. Centerbank also submitted the affidavit of Mr. Heidi Hannafin, Mr. Hannafin's secretary. Mr. Hannafin, essentially, corroborates Mr. Hannafin's statements and adds that she made several telephone conversations to the plaintiff to request the release of mortgage. Ms. Hannafin also states that while the release of mortgage was never received, "no one [at Household] ever disputed the fact that the release of mortgage had been promised and was supposed to be delivered. . . ." Affidavit of Heidi Hannafin, p. 13.
The plaintiff submitted the affidavit of Ms. Janet Marchlewski, manager of the plaintiff's Danbury branch office and the Household employee referred to by Mr. Hannafin. Ms. Marchlewski states, inter alia, that the Martins had an open-end home equity mortgage, and that on October 7, 1988, she received a $46,923.02 payment which she credited to the Martins' account. Affidavit of Janet Marchlewski, p. 6. Ms. Marchlewski also stated that "[n]o request was ever made to [her], either before the receipt of that money or thereafter to furnish a release of the mortgage to Attorney Hannafin or anyone else." Id. at p. 7. She further states that she "did not advise Attorney Hannafin or Heidi Hannafin or anyone else about providing a Release of the HOUSEHOLD mortgage. . ." Id. at p. 8, and that neither she, nor, to the best of her knowledge, anyone else in her office, promised to provide such a release. Id. at p. 9.
Because the issue of whether or not a release was to be given constitutes a genuine issue as to a material fact, the motion for summary CT Page 9730 judgment is denied.
PICKETT, J.