[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 16, 1993, the plaintiff, Francis Davis, filed a three count amended complaint against the defendants David and Phyllis Marsh, M.O.M., Inc., d/b/a Video Plus II (Video Plus) and Emil Frankel, State Commissioner of Transportation, seeking to recover for injuries he sustained when he tripped and fell due to the dangerous and defective condition of property at 1224 Campbell Avenue in West Haven and an abutting state highway right of way. The plaintiff alleges that the Marshes are the owners of the property at 1224 Campbell Avenue and that Video Plus is a tenant. The plaintiff further alleges that Frankel is responsible for maintaining the abutting state highway right of way. In the first and second counts, directed against the Marshes and Video Plus, respectively, the plaintiff alleges that his injuries were caused by the defendants' negligence. In the third count, the plaintiff asserts a defective highway claim against Frankel pursuant to General Statutes § 13a-144.
On January 13, 1994, the Marshes filed an answer admitting ownership of the real property at 1224 Campbell Avenue but denying any negligence on their part. The Marshes filed a special defense alleging that the plaintiff was negligent, which the plaintiff denied on December 27, 1994.
On August 23, 1994, the Marshes moved for summary judgment as to the first count of the complaint, on the ground that the location of the plaintiff's fall is not on their property, and therefore they owe no duty of care to the plaintiff. On September 8, 1994, the Marshes filed an amended memorandum of law, along with supporting affidavits, in support of the motion for summary judgment.
The plaintiff filed a memorandum in opposition to the Marshes' motion on September 26, 1994.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law, . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." CT Page 10250 (Citations omitted.) Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Brookfield v. Candlewood Shores EstatesInc., 201 Conn. 1, 9, 513 A.2d 1218 (1986).
A genuine issue of material fact exists as to the location of the plaintiff's trip and fall. In paragraph four of count one, the plaintiff alleges that his fall was "due to the dangerous, defective and unsafe condition of the Marsh property, and the abutting highway right of way." (Emphasis added.)
In paragraph eight of count three, directed at Frankel, the plaintiff alleges that his fall was caused due to a "rough tripping hazard defect . . . being maintained approximately 38 feet 4 inches east from telephone pole No. 989 located on the northerly side of Campbell Avenue, 45 feet 8 inches north from the southerly curb of Campbell Avenue, and approximately 7 feet northeast of the drain/catch basin on the northerly side of Campbell Avenue." (Emphasis added.)
In support of their motion, the Marshes supplied an affidavit of a land surveyor, Bernard E. Godfrey, who "focused" on the area described in paragraph eight of count three, and he concluded that the "area in question is land of the City of West Haven, not property of David and Phyllis Marsh." (Affidavit of Bernard E. Godfrey, para. 5). However, while the land surveyor has personal knowledge of the ownership of the specific location of land he surveyed, the land surveyor does not attest that he has personal knowledge of the exact location where the plaintiff fell.
Furthermore, the plaintiff gave merely an approximate location of the fall in his complaint. The survey map provided by the land surveyor and submitted by the Marshes in support of their motion shows that the specific area described is quite close to the Marshes' property line. At oral argument, the plaintiff's attorney informed the court that the defendants' property line is only a foot from the spot pinpointed by the Land Surveyor.
Additionally, the Marshes' affidavits describe the location of the fall as being on a sidewalk: "The sidewalk which abuts the property at 1224 Campbell Avenue in West Haven is a public sidewalk CT Page 10251 which I do not own." (Affidavit of David L. Marsh, para. 6; Affidavit of Phyllis Jane Marsh, para. 13).
In contrast, an affidavit of the plaintiff's investigator, Patricia LoRicco, states that "there was no public sidewalk at all on those premises. My investigation further revealed that there never had been any sidewalk on the property, only the broken curb and uneven, dangerous terrain shown in the photographs." (Affidavit of Patricia LoRicco, para. 7).
The plaintiff does not describe a public sidewalk in his complaint but in paragraph seven of count one alleges that the Marshes were negligent "in that they were maintaining the area in a dangerous, defective and unsafe condition; in that they were maintaining a broken, rough curb tripping hazard, with other stones lying loose in the area."
In Wilson v. City of New Haven, 213 Conn. 277, 281,567 A.2d 829 (1989), the Supreme Court affirmed a judgment granting the abutting landowner's motion for summary judgment, stating, "The complaint is very specific in identifying the site of the accident, and there is no dispute over this location. The only source of confusion appears to be whether the site of the accident is labeled a public sidewalk or a `treebelt.'"
The present case is distinguishable because the parties in his case dispute the location of the fall. For the foregoing reasons, because a material issue of fact remains as to the location of the plaintiff's fall, the Marshes' motion for summary judgment is denied.
Howard F. Zoarski, Judge