[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (NO. 123)
The plaintiff, Michael W. Lyons, filed a two-count amended complaint on March 23, 1994, against the defendant, Blaise R. Heid. The complaint alleges the following facts. The plaintiff served as the legal counsel for the Third Taxing District of the City of Norwalk. In January 1992, the defendant began filing a series of complaints against the plaintiff with the Statewide Grievance Committee alleging that the plaintiff, in his capacity as legal counsel to the taxing district, was guilty of various conflicts of interest and other forms of attorney misconduct. The Grievance Panel for the Judicial District of Stamford/Norwalk issued a finding on April 16, 1992, that there was no probable cause as to the defendant's complaints. The defendant appealed this decision to the Statewide Grievance Committee (SGC). This appeal was denied by the Statewide Grievance Committee on July 16, 1992. The defendant wrote the committee on July 21, 1992, demanding that the committee reverse its decision. On August 20, 1992, the committee upheld its earlier decision.
In April of 1992, the defendant, in the name of others, filed a civil suit against the plaintiff alleging fraud and other wrong-doing. This suit was dismissed by the superior court and the dismissal was upheld by the Connecticut Appellate Court.
The plaintiff asserts in the first count a vexatious litigation claim as a result of the repeated grievance complaints and civil suit brought without probable cause. The plaintiff alleges a second count of defamation arising from statements of the defendant in pursuing these actions.
The defendant filed an answer on August 5, 1994, which denied the allegations of the complaint. The defendant filed a motion for summary judgment, a supporting memorandum and an affidavit on November 16, 1994. The plaintiff filed a memorandum and an affidavit in opposition to defendant's motion for summary judgment on December 13, 1994.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 2819 material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corporation, 229 Conn. 99,105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
VEXATIOUS LITIGATION CLAIM
The defendant does not challenge the plaintiff's proof of his vexatious litigation claim. He contends, rather, that he is immune from a vexatious lawsuit claim because a grievance committee complaint is not a civil suit or a proceeding before an administrative agency, and therefore a vexatious suit may not be brought against him. He also claims that he did not file the civil action against the plaintiff. He alleges that a group of electors endorsed the lawsuit at a public meeting, and that he was only named as a party who would assist in the lawsuit.
The plaintiff's vexatious litigation claim arises not only out of the grievance complaint and appeal, but a civil suit filed on April of 1992. The plaintiff submits a copy of the complaint with his memorandum in opposition to the motion for summary judgment. The plaintiff in that complaint is listed as the Third Taxing District of Norwalk. A superior court decision in point states: "[a] person prosecutes a civil action when he initiates it or contributes materially to its prosecution. . . . Thus he may be the original party who files a lawsuit, a person who joins another party in prosecuting a lawsuit or even a person who supports the filing and/or maintaining of the lawsuit by his encouragement, his testimony and/or his financial support. . . ." (Citations omitted.) Spear v. Summit Medical Center, Superior Court, judicial district of Hartford, Docket No. 525939 (April 29, 1994, Sheldon, J.). Accordingly, if the defendant supported the lawsuit he would be deemed to prosecute a civil action.
Therefore, a genuine issue exists as to the defendant's involvement in the civil suit. The defendant has not demonstrated that he is entitled to summary judgment on the vexatious litigation claim, and therefore, the court denies the motion as to the first count on the vexatious litigation claim.
DEFAMATION COUNT
The defendant specifically relies on the superior court decision ofChester v. Willey, 4 Conn. L. Rptr. 161 (June 11, 1991, Hennessey, J.), CT Page 2820 to support his claim that he is immune from a defamation claim. The superior court, Hennessey, J., ruled that "any statements made during such proceedings, including those made in a grievance which initiates the proceedings, are absolutely immune from liability for defamation." Id., 162.
The plaintiff has not cited any authority in opposition to the defendant's assertion that he is immune from suit for defamation. Thus, the Chester v. Willey decision is persuasive. "There is a `long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy.'" Petyanv. Ellis, 200 Conn. 243, 245-46, 510 A.2d 1337 (1986). "The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Id., 246.
A proceeding before a grievance committee is a judicial proceeding.Chester v. Willey, supra, 4 Conn. L. Rptr 162. Therefore, the defendants statements in pursuing the grievance complaint and the civil suit are absolutely privileged. "`The public policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements.'" Petyan v. Ellis, supra, 200 Conn. 246. Accordingly, the court grants the defendant's motion for summary judgment as to the second count of defamation.
MAIOCCO, J.