[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#114)
This is an action by the plaintiff, Carey Geghan, against the defendants, Merrill Lynch and Co.[1], in which Geghan alleges that Merrill Lynch breached an agreement with Geghan by setting up a Simplified Employee Pension Individual Retirement Account (SEPIRA) for him, rather than the profit sharing plan and trust that he had requested. In the second substitute complaint, filed March 25, 1995, Geghan alleges that he told Merrill Lynch he wanted a profit sharing plan, because it would have been exempt from execution by creditors under the regulations of the Internal Revenue Service. Geghan also alleges that Merrill Lynch "concealed the nature of said account from the plaintiff and never provided him a copy of the writing prepared by them that evidences the instant agreement." As a result of Merrill Lynch's opening the wrong account, one of Geghan's creditors was able to attach and execute the funds in the SEPIRA, totalling $175,000.
Merrill Lynch answered the complaint on April 28, 1995, denying any liability to Geghan. Merrill Lynch also filed four special defenses. In the second special defense, Merrill Lynch alleges that Geghan's complaint is barred by the statute of limitations in General Statutes § 52-581. On June 14, 1995, Geghan denied each of Merrill Lynch's special defenses.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. NewHaven, 213 Conn. 277, 279, 567 A.2d 829 (1989). The trial court must view all the evidence in favor of the non-moving party. If the movant would be entitled to a directed verdict on the facts, then the movant should be granted a summary judgment. Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other conclusion.Krondes v. O'Boy, 37 Conn. App. 430, 433, 656 A.2d 692 (1995). A claim that a suit is barred by the passing of the statute of limitations is a proper subject of a motion for summary judgment.Dubay v. Irish, 207 Conn. 518, 520, 542 A.2d 711 (1988).
The issue is whether the plaintiff's claim is barred by the CT Page 1319-E applicable statute of limitations. The court must decide when this cause of action accrued.
The plaintiff has submitted an affidavit that he provided copies of a Profit Sharing Plan to the defendant and instructed it to establish an account in accordance therewith and not a SEPIRA account, that they did not intend to establish a SEPIRA account and that the defendant established the wrong account and concealed that from him. If the court should believe that the defendant intentionally concealed the fact that it maintained the funds in a SEPIRA account, as the plaintiff alleges, in spite of the fact that papers were returned to the plaintiff which the defendants claim clearly shows the account to be a SEPIRA account, then the cause of action would accrue on January 8, 1991, and survive under Section 52-595. Because the court must construe the facts in favor of the nonmovant, the court finds that, for the purposes of this motion for summary judgment, the cause of action accrued when the plaintiff discovered the concealed breach of contract.
This contested factual dispute makes this issue inappropriate for summary judgment. Wison v. New Haven supra. The defendants' Motion for Summary Judgment is denied.
/s/ Pellegrino, J.