[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT) 
The plaintiff has filed a motion for summary judgment as to liability only. The action arises out of an automobile accident occurring on or about January 7, 1998 in Milford, Connecticut in which the plaintiff alleges she sustained personal injuries. The plaintiff was a passenger in an automobile, which was struck in the rear by the defendant's motor vehicle. In response to the plaintiff's allegations, the defendant, by way of his Answer to the Complaint, has admitted that the vehicle owned and operated by the defendant did strike the rear of the vehicle in which the plaintiff was a passenger. The defendant, in his Answer, has denied all allegations as to negligent operation of his vehicle and that the plaintiff's injuries were a proximate cause of any negligence by the defendant.
The motion for summary judgment is dated January 17, 2000 and is supported by a Memorandum of Law and an affidavit of the plaintiff. The defendant filed a Motion for Extension of Time in which to respond to the plaintiff's Motion for Summary Judgment, and that motion is dated January 21, 2000. No action, to date, has been taken by the court regarding the defendant's request to extend the time period to object or reply to the CT Page 317 motion for summary judgment. To date, the defendant has not complied with Connecticut Practice Book § 17-45 requiring the adverse party to file opposing affidavits or other documentary evidence prior to the day the case is set down for short calendar.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
The court has reviewed the pleadings, and the Memorandum of Law and affidavit filed by the plaintiff. The plaintiff was a passenger in a vehicle, which was struck in the rear by a vehicle owned and operated by the defendant. While the defendant has denied negligence on his part, no Special Defenses and no response to the motion for summary judgment has been filed by, or in behalf of, the defendant.
The court finds there are no genuine issues of material fact that exist. The court agrees with the plaintiff's position that this is the type of case which should be disposed of by summary judgment as to liability.
Accordingly, the motion for summary judgment as to liability only is granted. A hearing in damages will be held in the future for the assessment, if any, of damages to the plaintiff.
The Court
By Arnold, J.