[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
(Motion for Summary Judgment)
The plaintiff has filed an action sounding in three counts. The First Count alleges that the defendant, Webster Bank wrongfully retained funds of the plaintiff based on Webster's failure to credit to a commercial checking account funds that were withdrawn by a debit card issued to a previous owner of the account. The Second and Third Counts of the Plaintiff's complaint are allegations that the defendant by its actions, violated the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110(a) et seq. . The plaintiff has filed a motion for summary judgment as to the First Count only.
The First Count specifically alleges that on or about July 1, 1999, the plaintiff opened a checking account with the defendant at the defendant's Bethany, Connecticut branch office. Two debit cards were issued; one for the plaintiff's President and a second debit card for a sub-contractor. The debit cards were the only means of withdrawing funds from said checking account. CT Page 1287
The Complaint further alleges that on or about July 27, 1999, the plaintiff's President visited the defendant's Bethany branch office and canceled the aforementioned subcontractor's access to the account. Between September 5, 1999 and September 22, 1999, the debit card had been issued to the subcontractor was used to withdraw $9,012.22 from the checking account. The plaintiff has demanded that the defendant restore said withdrawn funds to the plaintiff's account, and to date, the defendant has refused to do so.
The defendant, in response to the plaintiff's allegations, disputes that the plaintiff properly rescinded the authority of the subcontractor to withdraw funds from the checking account using the debit card. The defendant alleges that the contract entered into between the parties required that the debit card of the subcontractor be returned or that the security procedure be changed and that the plaintiff did neither. It is the defendant's position that the plaintiff merely removed the subcontractor's name from the account and did not comply with the deposit contract provisions.
The defendant, in opposing the motion for summary judgment claims there are genuine issues of fact and that the plaintiff is not entitled to judgment as a matter of law.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party, in this case the plaintiff, has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party, the defendant, must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarezv. Dickmont Plastics Corp. 229 Conn. 99 (1994).
At the time the account was opened the plaintiff and the defendant entered into a contract which was prepared by the defendant and was titled Deposit Account Disclosures and Agreements for Business Accounts, hereinafter referred to as the "contract". Paragraph 4 of Article F reads as follows:
CT Page 1288 4. Rescinding Permission. If any person for whom you have requested an ATM Money Card or Check Card, to whom you have given the Security Code or Procedure or PIN, or for whom you have authorized use of your PC Banking ceases to have your permission to use the card or to use the Security Code or Procedure or PIN — whether by termination of employment or other reason — you must notify us immediately and return the card to us or request a change of Security Code or procedure and/or PIN immediately.
Paragraph 5 of Article F reads as follows:
 5. Lost/Stolen/Or Unauthorized Use. If any ATM Money Card or Check Card, PIN or Security Code or Procedure is lost stolen or in the possession of an unauthorized person, you agree to notify us immediately
Paragraph 7 of Article F of the contract states in relevant part:
 We shall have no liability for any loss, claim or damage, which you sustain as a result of the use of any card, PIN, or security code or procedure issued pursuant to this agreement. This is true even if the card(s), PIN(s), and/or security codes or procedure is lost, stolen or obtained or retained by a person not authorized by you to initiate electronic transfers and even if the use occurs after you have asked us to deactivate the cards, PIN(s), or security code(s) or procedure, whether or not we have acted on that request.
The plaintiff argues that he fully followed the contract provisions regarding the rescinding of the subcontractor's permission to use the debit card to withdraw funds from the checking account. The plaintiff has submitted his affidavit and documentary exhibits to support his position.
In opposing the motion for summary judgment, the defendant has filed a. counter-affidavit disputing that the plaintiff properly rescinded the authority of the subcontractor to use the debit card. The defendant does not dispute that the plaintiff notified the defendant to remove the subcontractor from the account. However, the defendant contends that the contract provisions additionally required the plaintiff to return the subcontractor's debit card or change the security procedure, and that the plaintiff failed to do so. CT Page 1289
As there appears to be genuine issues of fact, as well as conflicting language in the contract between Article F, Paragraph 4 titled "Rescinding Permission" and Article F, Paragraph 5, titled "Lost/Stolen/or Unauthorized Use," the court determines that there are real issues to be tried, and, thus, the motion for summary judgment must be denied.
The plaintiff has also argued that the section of the contract entitled "Limitation of Liability" is specifically prohibited by Connecticut General Statutes § 42a-4-103. The court agrees with the defendant that this issue need not be addressed until it is determined as to whether or not the plaintiff properly rescinded the authority of the subcontractor to use the plaintiff's debit card.
Accordingly, the motion for summary judgment is denied.
THE COURT
by ARNOLD, J.