[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTIONS FOR SUMMARY JUDGMENT (#107 and #109)
The parties present, as cross motions for summary judgment, whether, in the context of an accounting order, a Probate Court has subject matter jurisdiction to remove a trustee of an inter vivos trust appointed by the trust settlor.
I. Jurisdiction
[In general, "[a]n appeal from probate is not so much an `appeal' as a trial de nova with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations." Gardner v.Balboni, 218 Conn. 220, 225, 588 A.2d 634 (2001). "[A]ny discretion of the probate court . . . passes to the superior court on appeal and is to exercised by it in an independent determination, without regard to the result reached by the probate court." (Internal quotation marks omitted.)Andrews v. Gorby, 237 Conn. 12, 15, 675 A.2d 449 (1996). The legislature has enacted an exception to this standard, found at General Statutes § 45a-186, which "provides that if a record, including a transcript, of the testimony was made before the Probate Court . . . the CT Page 10412 Superior Court shall review the decree of the Probate Court using an abuse of discretion standard." Id., 15-16. In the present case, the plaintiff states in the reasons of appeal that the Probate Court made its decision "without a hearing of which a record was made. . . ." (Reasons of Appeal, ¶ 5.) "The absence of a record requires a trial de novo."Andrews v. Gorby, supra, 237 Conn. 16.]
The ONLY issue presented in the cross motions for summary judgment is whether the probate court has the power and authority to remove the trustee(s) of an inter vivos trust. The motions do not present any question for a de novo review of the appropriateness of the factual underpinnings of the probate court's action in removing the trustees. This court determines only jurisdiction.
With the aforecited jurisdictional recognition and the application of the standard of review, the court finds that the Probate Court, as a matter of law, has jurisdiction to remove the trustee of an inter vivos
trustee in the context of an accounting procedure ordered by the Probate Court.
II. Standard of Review
 A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). The moving party must show the lack of any genuine issue of material fact. See Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998).
III. Discussion
A. General Statutes § 45a-175.
Section 45a-175 is entitled Jurisdiction of accounts of fiduciaries. Appointment of auditor to examine accounts, when and provides in relevant part:
 (a) Courts of probate shall have jurisdiction of the interim and final accounts of testamentary trustees, trustees appointed by the courts of probate, conservators, guardians, persons appointed by CT Page 10413 probate courts to sell the land of minors, executors, administrators and trustees in insolvency, and, to the extent provided for in this section, shall have jurisdiction of accounts of the actions of trustees of inter vivos trusts and attorneys-in-fact acting under powers of attorney.
 * * * (c)(1) Any beneficiary of an inter vivos trust may petition a court of probate having jurisdiction under this section for an accounting by the trustee or trustees. The court may, after hearing with notice to all interested parties, grant the petition and require an accounting for such periods of time as it determines are reasonable and necessary on finding that: (A) The beneficiary has an interest in the trust sufficient to entitle him to an accounting, (B) cause has been shown that an accounting is necessary, and (C) the petition is not for the purpose of harassment.
 (2) A court of probate shall have jurisdiction to require an accounting under subdivision (1) of subsection (c) of this section if (A) a trustee of the trust resides in its district, (B) in the case of a corporate trustee, the trustee has any place of business in the district, (C) any of the trust assets are maintained or evidences of intangible property of the trust are situated in the district, or (D) the settlor resides in the district or, in the case of a deceased settlor, resided in the district immediately prior to death.
 (3) As used in subdivision (1) of subsection (c) of this section, "beneficiary" means any person currently receiving payments of income or principal from the trust, or who may be entitled to receive income or principal or both from the trust at some future date, or the legal representative of such person.
 * * * (f) Upon the allowance of any such account, the court shall determine the rights of the fiduciaries or the attorney-in-fact rendering the account and of the parties interested in the account, subject to appeal as in other cases. The court shall cause notice of the hearing on the account to be given in such manner and to such parties as it directs.
 (g) In any action under this section, the Probate Court shall have, in addition to powers pursuant to this section, all the powers available to a judge of the Superior Court at law and in equity pertaining to matters under this section. CT Page 10414
(Emphasis added.)
The beneficiaries, in the present case petitioned the Probate Court for an accounting of the inter vivos trust at issue pursuant to §45a-175. See In the Matter of John Stark Gorby Family Trust, Court of Probate, district of Fairfield, (September 18, 2000, Caruso, J.) "John Stark Gorby . . . created certain [inter vivos] trusts which are properly brought to this Court for accountings pursuant to Sec.45a-175").
As provided for in the statute, § 45a-175 (a) gives the Probate Court jurisdiction over the actions of the trustees of inter vivos trusts. Subsection (c)(1) permits a beneficiary to petition the Probate Court for an accounting. Subsection (f) permits the Probate Court to determine the rights of fiduciaries and of the parties interested in the accounting. Finally, Subsection (g), for purposes of the accounting, invests the Probate Court with the powers available to judges of the Superior Court with respect to remedies available for accountings.[1]
The Superior Court has the authority to remove the trustee of an inter vivos trust. See Jackson v. Conland, 178 Conn. 52, 61-62, 420 A.2d 898
(1979). The legislative history of 1997 Public Acts, No. 97-90, § 3, which added subsection (g) to § 45a-175 and gave the Probate Court the same authority vested in the Superior Court for accounting purposes, provides further support the argument that the Probate Court also has the authority to remove the trustee of an inter vivos trust. According to the legislative history, Judge F. Paul Kurmay, the Probate Court Administrator, submitted written testimony regarding P.A. 97-90. In his submission, Judge Kurmay addressed the remedies available to the Probate Court in an accounting in the public hearing before the Judiciary Committee, stating the following:
 "This proposal amends C.G.S. § 45a-175 to make it clear that the parties in an accounting before the probate court have the same remedies available to them as are available in the Superior Court. This proposal does not increase the jurisdiction of the probate courts, but rather makes its powers more explicit. The existing statutes are not explicit as to whether the courts of probate can provide the same remedies as the Superior Court in an account proceeding, although it is my opinion that our courts do enjoy those powers implicitly. Pursuant to C.G.S. § 45a-175, the court clearly has jurisdiction over the accounts of testamentary trustees, certain inter vivos trustees, guardians, conservators and executors and administrators. The issue becomes one of the powers of the court once an account has been filed with the court. If an accounting hasCT Page 10415 been rendered in which there has been obvious wrongdoing, it should be made clear that the courts of probate may remove the fiduciary and surcharge and reduce fees when necessary in any proceeding under its jurisdiction. There are some who presently argue that the probate courts only have the authority to approve or disapprove the account, and may not order the trustee to take action to correct the account. Although I strongly disagree with that overly narrow interpretation of the law, rather than become involved in a lengthy appellate review of our powers, it is more expeditious to spell out what the legislature's intent is."
(Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Part 8, 1997 Sess., p. 2636-37.
Subsequent to Judge Kurmay's testimony, Senator Williams, discussingP.A. 97-90, commented that "the bill grants probate courts the powers available to superior courts in terms of law and equity in actions that the courts may take concerning financial accounts regarding certain fiduciaries and in that respect, it allows courts to remove or impose a surcharge on fiduciaries who fail to submit an accounting or act inappropriately with respect to the funds that are under the fiduciary's control." 5 5. Proc., Pt. 5, 1997 Sess., p. 1721-22.
The legislature responded to Judge Kurmay's request and this court, as in the past, will not intervene or disturb legislative decision making in appropriate areas. We are a judiciary, not a legislature. Accordingly, pursuant to 45a-175 (g), as supported by the legislative history, the Probate Court has the authority to remove an inter vivos trustee in the context of an accounting.
B. General Statutes § 45a-242.
Section 45a-242, entitled "Replacement of fiduciary," provides in subsection (a) that "[i]f any fiduciary becomes incapable of executing his trust, neglects to perform the duties of his trust, wastes the estate in his charge, or fails to furnish any additional or substitute probate bond ordered by the court, the court of probate having jurisdiction may, upon its own motion, or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and a hearing, remove such fiduciary." General Statutes §45a-199 defines fiduciary, as used in § 45a-242, as "an executor, administrator, trustee, conservator or guardian" unless the term is defined elsewhere or the context otherwise requires.
"It is well settled that [w]here the meaning of a statute . . . is plain and unambiguous, the enactment speaks for itself and there is no occasion CT Page 10416 to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Internal quotation marks omitted.) Fishbein v.Kozlowski, 252 Conn. 38, 46, 743 A.2d 1110 (1999). The statute is clear and unambiguous with respect to the definition of fiduciary. The statute does not distinguish between inter vivos and testamentary trustees. A trustee can be a fiduciary under the removal statute and, thus, the Probate Court has the authority to remove the trustee of the inter vivos trust.
The plaintiff argues that § 45a-242 is inapplicable to inter vivos trustees.[2] The plaintiff bases his argument on subsection (c) of that statute which reads "Trustees appointed by a testator to execute a trust created by will and testamentary guardians may resign or be removed, and the vacancies filled by the court having jurisdiction in the manner provided under this section, unless otherwise provided by the will." The plaintiff argues that "[o]bviously, the legislature did not contemplate that the general language `fiduciary' included a testator appointed `testamentary trustee.' If the word `fiduciary' were to be given such a broad construction, there would be no need for the specific application of sub-section (c)." (Plaintiffs Memorandum in Support of Motion for Summary Judgment #108.) This court is not persuaded by this argument in the face of the clear definition of fiduciary found in § 45a-199. It is not this court's duty (in fact it would be an exercise that unreasonably usurped legislative authority) to change the law as adopted. There is no space for judicial fiat interfering with legislative affairs as properly vested in and exercised by those elected officials.
Moreover, § 45a-242 took its present incarnation from Public Acts 1980, No. 80-476, which was entitled "An Act Implementing the Law Revision Commission's Technical Revision of the Probate Laws." Prior to the passage of P.A. 80-476, the prior version of § 45a-242, General Statutes § 45-263 (Rev. 1980), provided in pertinent part: "When any executor or administrator or any other person acting in a fiduciary capacity becomes incapable of executing his trust, or neglects to perform the duties thereof. . . . Trustees appointed by a testator to execute atrust created by will and testamentary guardians may resign or beremoved, and the vacancies filled in like manner by the court havingjurisdiction, unless otherwise provided by will." (Emphasis added.) See also Public Acts 1980, No. 80-227.[3]
The emphasized language is almost identical to the language found in § 45a-242 (c) and it is this language upon which the plaintiff bases his argument that § 45a-242 is not applicable to inter vivos trustees. When the legislature passed P.A. 80-476 and replaced the term executor or administrator or any other person action in a fiduciary capacity with the single term of `fiduciary,' it was fully aware of the language that would become a 45a-242 (c). "[W]hen the Legislature acts in CT Page 10417 a particular area, it does so with knowledge of and regard to the prior state of the law. . . ." State v. Servello, 59 Conn. App. 362, 374,757 A.2d 36, cert. denied, 254 Conn. 940, 761 A.2d 764 (2000). There is a presumption that where the legislature amends a statute that "it intended to change the meaning of the statute and to accomplish some purpose." Id., 373. In light of the legislature's prior use of the term `testamentary trustee' in § 45a-242 (c), it is informative and persuasive that the present definition of `fiduciary,' which was inserted as part of Public Act 80-476, uses the general term `trustee' rather than `testamentary' or `inter vivos' trustee. This provides further support for the argument that the legislature intended the term `fiduciary' to include inter vivos trustees as well as testamentary trustees.
C. Applicable Case Law
After an extensive review of our case law, this court was unable to discover a decision by any Connecticut court directly on point with the present facts. The decision in Chase Manhattan Bank v. Commissioner ofRevenue Services, 45 Conn. Sup. 368, 716 A.2d 950 (1997), aff'd. sub nom., Chase Manhattan Bank v. Gavin, 249 Conn. 172, 733 A.2d 782 (1999), cert. denied. 528 U.S. 965, 120 S.Ct. 401, 145 L.Ed.2d 312 (2001), however, indirectly addresses the issue presented to this court.
In Chase Manhattan Bank v. Commissioner of Revenue Services, the bank was acting as the trustee for four testamentary trusts and an inter vivos trust. The bank challenged the constitutionality of Connecticut's tax scheme with respect to resident trusts on due process and commerce clause grounds. The court, McWeeny, J., entered summary judgment in favor of the state, upholding the constitutionality of the tax scheme as applied to the trusts at issue. That court found that it was proper for the state to tax an inter vivos trust on the basis of the residence of the beneficiary. As part of that determination, Judge McWeeny provided valuable analysis and guidance that reviewed the protections Connecticut law affords to the trustee, settlor and beneficiaries and stated "a probate court has the authority, on its own motion or upon the application and complaint of an interested person, to remove a trustee for misconduct or neglect in the exercise of their duties. General Statutes §45a-242." Id., p. 387.
Chase Manhattan Bank v. Commissioner of Revenue Services was ultimately affirmed by the Connecticut Supreme Court without addressing §45a-242. While Judge McWeeny's statement may be dicta, it is apparent from his decision that part of the protections Connecticut law affords to the beneficiary of an inter vivos trust is the authority of the Probate Court to remove the trustee under certain circumstances. This court accepts and adopts as decisive the well reasoned and analysis and CT Page 10418 guidance provided by Judge McWeeny.
D. Secondary Sources
The authority of the Probate Court to remove the trustee of an intervivos trust within the context of an accounting is also supported by the recognized treatises. Bourdeau, Folsom Wilhelm, Connecticut Estate Practice, Trusts, provides in relevant part:
 "P.A. 97-90 amends Section 45a-175 (probate courts' jurisdiction over accountings) to make it clear that once the Probate Court assumes jurisdiction, it then has all the powers, both legal and equitable, over that account that a Superior Court would have in a similar setting. Some judges and practicing attorneys had questioned whether our courts could remove a trustee or otherwise discipline him as part and parcel of the jurisdictional assumption under that section. While most courts and this office believed that our courts had that implied power, this statutory revision makes it explicit."
7 P. Bourdeau, R. Folsom G. Wilhelm, Connecticut Estate Practice, Trusts, 2000 Cumulative Supplement, § 6:1, p. 98-100.
In discussing the jurisdiction of the Probate Court, Folsom Wilhelm, Probate Jurisdiction and Procedure in Connecticut, states that:
 "The statutes giving the Probate Court power to remove for cause and to make any order necessary to secure the due execution of the duties of fiduciaries apply in the case of trustees of inter vivos trusts. The Probate Court may make order with reference to distribution on the termination of an inter vivos trust. However, it is apparent that the statutes, by and large, contemplating that the jurisdiction of the Probate Court over inter vivos trusts, in those cases where the trustee has been appointed by the Probate Court, shall be similar to its jurisdiction over testamentary trusts."[4]
(Emphasis added; footnotes omitted.) R. Folsom G. Wilhelm, Probate Jurisdiction and
Procedure in Connecticut (2nd Ed. 2000), § 2:29, p. 2-96.
IV. Conclusion
Reason and authority supports the conclusion that the Probate Court has the power and jurisdiction to remove the trustee of an inter vivos trust for wrongdoing after an accounting. The Probate Court in the present case removed the trustee after conducting an accounting pursuant to § CT Page 1041945a-175. Although, the probate judge referenced § 45a-233, in part, to support his removal of inter vivos trustee, the Superior Court on an appeal from the Probate Court, conducts a de novo review. See Andrews v.Gorby, supra, 237 Conn. 16. Accordingly, the court grants the defendant's cross motion for summary judgment.
The Court
 _____________________________ DANIEL E. BRENNAN, JR., JUDGE