[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16040
The plaintiff in this action is Megan Milan. The defendant is White Water Resorts of Connecticut, Inc. d/b/a Powder Ridge Ski Area. The action arises from events occurring on January 7, 1999, while the plaintiff was snowtubing at Powder Ridge Ski Area. In a one-count complaint, the plaintiff asserts a cause of action against the defendant for negligence. The plaintiff alleges, therein that on her second time down the hill, an employee of Powder Ridge pushed her too hard causing her tube to travel too fast, which caused it to flip. The plaintiff alleges that she sustained several injuries due to this incident. The plaintiff further alleges that the defendant failed to warn her of the dangerous conditions that existed on the hill that day.
On March 6, 2000, the defendant filed an amended answer, special defenses and counterclaim in which it asserts, inter alia, that the plaintiff entered into a contract with the defendant pursuant to which the plaintiff agreed to hold harmless and indemnify the defendant for any loss or injury resulting from her use of the snowtube. The defendant asserts that because of this contract, it is entitled to indemnification from the plaintiff for any fees, costs and expenses it incurred in defending her claim.
On January 8, 2001, the defendant filed a motion for summary judgment on the plaintiff's complaint arguing that the plaintiff's claims were barred by the express terms of the release form that the plaintiff signed. On March 16, 2001, the court, Blue, J., issued a memorandum of decision denying the motion. The court stated: "The form does not expressly release White Water from its own negligence. . . . Neither an employee's excessive pushing nor a failure to warn of dangerous prevailing conditions is an "inherent' risk of snow tubing. . . . Although the form absolves White Water from the inherent risks of snow tubing, it fails to state that White Water's own negligence is one of those inherent risks. . . . The form does not absolve White Water for the negligence complained of in this case." (Citation omitted.) (Internal quotation marks omitted.) Malin v. White Water Mountain Resorts, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 432774 (March 16, 2001 Blue, J.)
On July 10, 2001, The plaintiff filed a motion for summary judgment on the defendant's counterclaim based solely upon the ruling in the above mentioned memorandum of decision.
"[A]ny party may move for summary judgment upon any counterclaim or cross complaint if it were an independent action." Practice Book. § CT Page 16041 17-44. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
It is undisputed that the plaintiff purchased a ticket to go snow tubing. The plaintiff also admits she signed the release form without reading it. The plaintiff concedes that she understood the subject matter of the release form. The plaintiff argues that the defendant's counterclaim, as it pertains to the hold harmless and indemnity provision of the release, is based solely on the legitimacy and legality of the release form. The plaintiff argues that the court's previous determination that the release form was invalid to absolve the defendant of its own negligence must also apply to the hold harmless and indemnity provision of the release, thereby negating defendant's counterclaim.
The defendant objects, arguing that the court's previous decision did not address the enforceability of the hold harmless and indemnity provision of the release. The defendant asserts that the language of the provision is clear and unequivocal and argues that the plaintiff's signing of the release indicates that she agreed to hold harmless and indemnify the defendant against any loss, damage or injuries no matter how such liabilities were caused.
In its decision on the defendant's motion for summary judgment, the court emphasized that it was only ruling on the effect of the provision of the release that pertained to the issue of releasing the defendant from liability. The court stated: "[t]he narrow question presented by the motion for summary judgment now before the court is the effect of a release from liability signed by the plaintiff prior to the accident injuring her." The court did not address the effect of the hold harmless and indemnity provision in the release. Instead it ruled that the signed release form did not bar the plaintiff from going forward with her negligence claim.
The plaintiff has not met her burden of showing that she is entitled to judgment on the defendant's counterclaim as a matter of law. The plaintiff's reliance on the court's decision on the defendant's motion for summary judgment is misplaced. The court specifically stated that its decision was based solely on the preclusive effect of the release from CT Page 16042 liability provision. The court did not discuss the validity of the hold harmless and indemnity provision.
Therefore, the plaintiff's motion for summary judgment is denied because the question of the effect of the hold harmless and indemnity provision still exists in this case.
Howard F. Zoarski Judge Trial Referee