[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The City of New Haven has filed a motion for summary judgment pursuant to Practice Book § 17-44, et seq. requesting that the court enter summary judgment against the defendant Joseph Nacca on New Haven's complaint dated January 22, 2001. The plaintiff asserts that there is no genuine dispute as to any material fact establishing that the defendant Nacca, is in default of his obligations under a Loan Agreement and Guaranty, both dated December 8, 1997. On May 15, 2001, after a hearing in damages the plaintiff obtained a judgment in its favor against the non-appearing defendants, Absolute Surplus Discount, LLC, and Joseph DeMatteo.
On December 8, 1997, the plaintiff, New Haven entered into a loan and security agreement with defendant Absolute. By promissory note dated December 8, 1997, Absolute promised to pay New Haven the principal sum of $25,000. The defendant Absolute thereafter failed to make the monthly payments under the note. By Guaranty, also dated December 8, 1997, defendant Nacca unconditionally guaranteed the payment of performance from or by the borrower, Absolute, of any and all obligations of the borrower to the lender, New Haven. On May 15, 2001, the plaintiff obtained a judgment against defendants Absolute and DeMatteo in the amount of $21,772.47 plus costs. No part of the judgment has been paid by the defendants, and defendant Nacca has failed to make payment in full to the plaintiff in accordance with the terms of the Guaranty, signed by Nacca.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, CT Page 1270 but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
In the present action the defendant Nacca has admitted as true all of the relevant allegations of the plaintiff's complaint. Nacca admits that Absolute defaulted on the Note. Nacca admits also that he executed a written guaranty, unconditionally guaranteeing the payment from or by Absolute of any and all obligations of the borrower to the lender. There is no dispute that the court has entered a judgment against Absolute, on the note, and as against DeMatteo, on his Guaranty. There is no dispute as to liability under the Note or Guaranty.
The defendant has filed a special defense regarding offers of partial payment. This defense is without merit. The Note signed by Absolute provides that if Absolute failed to make any of its payments required under the Note, then the plaintiff, as Holder, may accelerate the Note making it due and payable immediately. "If the debtor does not tender payment in full, the holder retains the right to reject any partial payment. . . . Christensen v. Cutaia, 211 Conn. 613, 621 (1989). Under the terms of the Note, the plaintiff is not obligated to accept partial payments. The defendant Nacca admits Absolute failed to make its payments under the Note and that he, Nacca, did not make payment pursuant to his guaranty.
Accordingly, the motion for summary judgment is hereby granted.
The Court
by Arnold, J.