[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiff has filed an action seeking specific performance of an option to purchase a parcel of land with buildings and other improvements located in Guilford, Connecticut. The subject option to purchase was signed by the plaintiff and the defendant's representative on April 3, 2000. The defendant Stafford Associates is a general partnership and Edward E. Perkins, Sr. is a general partner. The defendant has filed a motion for summary judgment pursuant to Practice Book § 17-44 et seq., claiming that the plaintiff is not entitled to specific performance in that the plaintiff failed to exercise his option to purchase in accordance with the terms and conditions of said option, prior to May 15, 2001, the final expiration date of said option.
The plaintiff in the alternative also claims that in the event that specific performance is not granted, that his claim for damages could include the return of his option fee.
 I
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). CT Page 8124
 II
The complaint is based on a document entitled "Option to Purchase," dated April 3, 2000. The Option to Purchase provides that the defendant grants the plaintiff the option to purchase "All that certain piece of parcel of land with the buildings and improvements thereon, located in the Town of Guilford, County of New Haven and State of Connecticut, known as 268 Whitfield Street and 41-45 Stone House Lane. . . ." The total purchase price for the property, as recited in the option, is $955,000. The price of the option, itself is $50,000 payable on or before April 30, 2000. The option, by its terms, was to expire on April 1, 2001, if not exercised by the plaintiff. If the option was exercised by the plaintiff the $50,000 option was to be credited toward the purchase price of $955,000. If the plaintiff failed to exercise his option to purchase, the $50,000 option fee was to be retained by the defendant. Subsequent to the signing of the Option to Purchase Agreement, the agreement was modified by the defendant to extend the option period from April 1, 2001 to May 15, 2001. The plaintiff did tender the sum of $50,000 to the defendant in consideration of the option to purchase the subject property.
On July 27, 2000, a house located on the subject property was destroyed by fire. Approximately ten days later the defendant claims that he verbally offered to reduce the purchase price from $955,000, as stated in the option to purchase, to $750,000, reflecting the decreased value of the property due to the destruction of the house. The defendant thereafter, contends that he offered to refund the plaintiff's $50,000 option fee payment and gave the plaintiff until November 1, 2000 to make a decision to accept the reduced sales price or to have his option fee refunded. The written option to purchase agreement, however was never amended or modified from its original form to reflect this turn of events.
Subsequent to the signing of the Option to Purchase on April 3, 2000, the defendant also removed a barn structure from the subject property. The defendant argues that this was with the knowledge and permission of the plaintiff. Once again, however, this agreement was never reduced to writing, and nor was the Option to Purchase Agreement amended or modified to reflect the barn's removal.
While the court has reviewed a letter from the plaintiff to the defendant acknowledging the defendant's reduction of the purchase price to $750,000, there is no written agreement signed by the plaintiff agreeing to said reduction. In fact, the defendant's attorney by way of a letter to the plaintiff's attorney, dated April 24, 2001 acknowledged that the Option to Purchase needed to be amended and signed by both the CT Page 8125 plaintiff and the defendant to reflect the defendant's offer of a reduced purchase price in the amount of "$755,000."[1] Several weeks prior to this letter the plaintiff had written to the defendant offering to purchase the property for a reduced price of $539,000, and on April 25, 2001, the plaintiff's attorney wrote the defendant's attorney rejecting the defendant's offer to sell at a price of "$755,000."
The court in reviewing the affidavits, copies of correspondence and the Option to Purchase agreement finds that the only amendment to the agreement was the May 15, 2001, extension of the date by which the plaintiff was to exercise his option to purchase at the original price of $955,000 and this amendment was initialed by the defendant only. There have been no further written amendments to the agreement. There is a genuine issue of material fact as to whether the plaintiff ever agreed to pay a reduced purchase price of $750,000 or $755,000 for the subject property. It will be for the trier of fact to determine if there was any meeting of the minds as to a reduced price, and if so, whether there was sufficient compliance with the statute of frauds General Statutes §52-550.
Whether a meeting of the minds has occurred is a factual determination. M.J. Daly Sons, Inc. v. West Haven, 66 Conn. App. 41,783 A.2d 1138; citing Munroe v. Ernhart Corp., 46 Conn. App. 37, 42-43,699 A.2d 213, cert. denied, 242 Conn. 926, 701 A.2d 658 (1997).
Accordingly, the defendant's motion for summary judgment is denied.
The Court,
By
Arnold, J.