[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
The plaintiff has filed a three count complaint alleging claims of racial discrimination pursuant to General Statutes § 46a-64 (a)(1), intentional infliction of emotional distress and negligent infliction of emotional distress. All claims arise from the same factual allegations, consisting of an incident in which the plaintiff cashed a check at a branch office of the defendant. Previously the court granted the defendant's motion to strike the plaintiffs claims for intentional and negligent infliction of emotional distress. Dingle v. Fleet Bank, No. CV 00 0443028 (Superior Court, judicial district of New Haven at New Haven, February 28, 2001.) (Devlin, J.), 2001 Ct. Sup. 3132-da. The present motion for summary judgment is directed at Count One of the complaint alleging race discrimination. In summary Count One alleges that on November 15, 1999, the plaintiff, who was a regular customer of the defendant, went to the defendant's branch office in Meriden, Connecticut to cash a check issued to him by his attorney. Before eventually cashing the check, the plaintiff was detained for approximately 30 minutes while the defendant's employees verified the identity of the plaintiff and the validity of the check, which was in the amount of $22,623.10. The plaintiff claims that he was subjected to extreme harassment in cashing the check, and that Caucasian customers of the defendant bank are never subjected to like treatment when cashing checks. The plaintiff claims that he received the aforesaid alleged discriminatory treatment because of his race, and as a result, has suffered severe emotional distress.
The defendant in opposing the plaintiffs claim of racial discrimination argues that due to the large amount of the check, it was necessary to obtain a second form of identification from the plaintiff; to get approval of a manager before cashing the check; and to verify the account information. Additionally, the teller who was assisting the plaintiff, also needed to obtain additional money as she did not have enough cash in her drawer to cash a check for $22,623.10. The defendant argues that no evidence exists upon which any of Fleet's actions were taken on account of the plaintiffs race and that the plaintiff was not the subject of racially discriminating acts by the Fleet Bank.
 II
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Hertz Corp. v. Federal Ins.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, CT Page 6368 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins.Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp.,229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47
(1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed.Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
 III
The issue presented is whether there is sufficient evidence in this matter based on the affidavits and full deposition testimony for a jury to be able to conclude that the defendant treated the plaintiff differently from its Caucasian customers because of the plaintiffs race.
General Statutes § 46a-64a (1) states:
 (a) It shall be discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income, mental retardation, mental disability or physical disability, including, but not limited to, blindness or deafness of the applicant, subject only to the conditions and limitations established by law and applicable alike to all persons;
In order to state a prima facie case of race discrimination, the plaintiff must establish that he was deprived of services, while similarly situated persons outside the protected class were not deprived of those services, and/or that he received services in a markedly hostile manner or in a manner which a reasonable person would find objectively unreasonable, so as to give rise to an inference of unlawful discrimination. Lizardo v. Denny's, Inc., 2000 U.S. Dist. LEXIS 9785 *11-12 (N.D.N.Y. 2000); Callwood v. Dave Busters, Inc., 98f. Supp.2d 694, 709 (D.MD. 2000); Harrison v. Denny's Restaurant, Inc., 1997 U.S. Dist. LEXIS 5637 *14 (N.D. CA 1997). The plaintiff in opposing this motion has not done this. CT Page 6369
The court's review of deposition testimony given by the plaintiff reveals that the plaintiff admits that the defendant cashed his check, and at his request, closed his personal checking account within a thirty minute period of time at worst, and that it may have been less than thirty minutes. He also acknowledges that the tellers at the defendant's bank branch may simply have been following bank policy when they asked him for more than one form of identification prior to cashing a check for an amount in excess of $20,000. The plaintiff acknowledges that he was not familiar with the bank's staff, and that they were not familiar with him. The plaintiff additionally admits that he does not know whether Caucasian customers of the bank were treated in a different manner by the bank staff when they conducted banking transactions similar in nature to that of the plaintiffs. Other than the bank teller, the Branch Operations Manager and the employee who assisted the plaintiff in closing his account, no other bank employees spoke to the plaintiff on the date in question. The court has also reviewed a copy of the defendant's "Check Cashing" policy and procedure, which has been submitted as an exhibit. It reveals that a "head teller" can cash a check for a maximum limit of $15,000. For amounts in excess of $15,000, approval has to be obtained from a supervisor or manager. The policy clearly states that to cash a check similar to the one presented by the plaintiff, two forms of identification are required.
The plaintiff in opposing summary judgment, has also submitted a copy of the plaintiffs deposition dated April 11, 2001. To defeat summary judgment the plaintiff is required to produce admissible evidence and set forth specific facts showing that a triable issue of material fact exists. Gur v. Nemeth-Martin Personnel Consulting, Inc.,2001 Ct. Sup. 3889, Docket No. CV 98 0331118 Superior Court (judicial district of Danbury, March 20, 2001) (Adams, J.); Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 368 (2000), 746 A.2d 753. "Mere statements . . . that an issue of fact does exist are not sufficient to raise the issue."Gould v. Mellick and Sexton, 66 Conn. App. 542, 553, 785 A.2d 265
(2001). In addition to the copy of the deposition transcript, the plaintiff has only offered copies of the complaint affidavit he filed with the Connecticut Commission on Human Rights and Opportunities, which contains conclusory and self-serving allegations which are similar to the allegations contained in the plaintiffs complaint. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore cannot refute evidence properly presented to the court" in support of a motion for summary judgment. Pagan v. FloydManufacturing Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 058355 (February 18, 2000) (Hennessey, J.),2000 Ct. Sup. 2368; Maffucci v. Royal park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). However, the deposition transcript when read CT Page 6370 as a whole reveals that the plaintiff repeatedly admits that no specific facts exist to support his feelings and beliefs that he was treated differently from similarly situated Caucasian customers on account of his race.
A court must construe the evidence in a light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support a judgment in the plaintiffs favor.Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000);Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970); Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). The court has viewed the evidence submitted in the light most favorable to the plaintiff and finds that the circumstances surrounding the cashing of the plaintiffs check do not give rise to an inference of racial discrimination. The plaintiff was not denied the full and equal enjoyment of the defendant's banking services.
Accordingly, the defendant's motion for summary judgment on Count One, the sole remaining count of the plaintiffs complaint, is hereby granted.
 ___________________ Arnold, J