[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiffs have brought a five count complaint against Leathers and Associates, Inc., the City of West Haven, the West Haven Department of Parks and Recreation and William Slater, Director of the City of West Haven Department of Parks and Recreation. The action stems from personal injuries sustained by the minor plaintiff, Sean Nunan, allegedly while he was using a wooden playground structure at a public playground in West Haven. The wooden structure had been erected by the Friends of West Haven Playground, Inc., a non-profit group comprised of members of the community, which is not a defendant in the case.
The plaintiffs allege in the count directed against Leathers and Associates, Inc. that under the Connecticut Products Liability Act, General Statutes § 52-572m et seq., that Leathers and Associates, Inc. negligently designed the wooden play structure; failed to warn the plaintiffs of said negligent design; breached the statutory warranty of merchantability; and defectively manufactured the wooden play structure playground equipment.
Pursuant to Practice Book § 17-44 et seq., the defendant Leathers and Associates, Inc. has moved for summary judgment arguing that the Product Liability Act does not apply to the defendant. The defendant contends that the Product Liability Act was not intended to apply to the provision of services, as a matter of law, and that the defendant is not a "product seller" as that term is defined under the Products Liability Act. Furthermore, the defendant claims it is a design firm that provided a service, and did not manufacture or sell a product or place a product CT Page 8267 into the stream of commerce.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
The plaintiff alleges that in approximately January, 1994, Friends of West Haven Playground purchased a wooden playground structure from the defendant Leathers, and that Leathers manufactured, designed and/or built this playground equipment. The plaintiff also alleges that Leathers was engaged in the business of manufacturing, designing, building, supplying and/or selling playground equipment, recreational equipment and apparatus with the expectation that its products would be shipped to, purchased and used in Connecticut. The plaintiff further alleges that the wooden playground equipment was expected to, and did reach the Friends of West Haven Playground without a substantial change in the condition in which it was sold.
The complaint alleges that on or about June 12, 1999, the minor plaintiff was exiting on the west side of the wooden structure and hit his head on one of the horizontal beams. The plaintiff alleges that the design of the beams was defective.
The defendant in moving for summary judgment states that it provides custom designs and consulting services in connection with the construction of volunteer-built community playgrounds. The playgrounds are built on site by volunteers from the community. During the construction phrase the defendant Leathers and Associates provided the services of its staff to serve as consultants to ensure that the wooden CT Page 8268 structure was built in conformance with its design and to applicable standards. The defendant denies that it manufactured the subject structure, and nor did it ship the structure to West Haven. It also denies that it manufactured the materials that are used by the communities to build the playgrounds, including the subject structure in West Haven. Leathers did provide on-site construction supervision and they also provided the architectural services of a registered architect when preparing its customized design for the playground structure.
The defendant argues that, as a matter of law the Connecticut Products Liability Act, General Statutes § 52-572m et seq., does not apply and was never intended to apply to the provision of services to individual customers. General Statutes § 52-572n (a) provides that:
 A product liability claim as provided in sections 52-240a; 52-240b, 52-572m to 52-572r, inclusive and 52-577a may be asserted and shall be in lien of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product.
A "product liability claim" is defined, in relevant part, as "all claims or actions brought for personal injury . . . caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." General Statutes § 52-572m (b). The Act defines a "product seller" as "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption." General Statutes § 52-572m (a).
The defendant is correct when it notes that once a particular transaction is labeled a service, as opposed to a sale of a product, it is considered outside the purview of the product liability statute.Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805
(1987). The question is, however, whether the defendant's actions in the instant matter are limited to those actions which can be labeled a service.
The defendant designed the structure. It provided on-site construction consultation to oversee the manufacture and assembly of the structure. The consultant made decisions on matters relating to the progress and execution of the work. The consultant had the authority to reject non-conforming work and performed a final inspection of the structure. However, the rendering of professional services and non-professional services to an individual customer does not subject the service provided CT Page 8269 to liability in a defective product action. Colagelo v. Norwalk YMCA,2 CSCR 732, 733 (Sup Ct. May 19, 1987, Docket No. 075487) (Emmet, J.);K-Mart Corp. v. Midcon Reality Group of Conn., 489 F. Sup. 813 (D. Conn. 1980); Galash v. Stylaroma, Inc., 33 Conn. Sup. 108, 111 (1975).
The defendant, Leathers and Associates, Inc., is a design firm that provides consulting services in connection with the construction of volunteer-built community playgrounds. The defendant did not sell a playground. It did not build the playground and it did not manufacture the materials used to build the playground. The defendant performed a service and not the manufacture or sale of a product. The defendant is not subject to the Product Liability Act as a matter of law.
Accordingly, the motion for summary judgment filed by the defendant, Leathers and Associates, Inc., is granted as to the first count of the plaintiffs complaint dated June 12, 2001 and as to that portion of the fifth count that relates only to the defendant Leathers and Associates, Inc.
The Court,
 By: ___________________ Arnold, J