MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION (#163) FOR SUMMARY JUDGMENT
The defendant, Rose Wreath Tree, d/b/a/ Rose Enterprises, Inc. (Rose) has moved the court to enter a summary judgment on the First Count of the Plaintiffs Revised Complaint for the reason that no genuine issues of material facts as to the fact that the said defendant owed no duty to the plaintiff.
The plaintiff was allegedly injured when he was struck by a Christmas tree thrown from a delivery truck while he was working at a Waldbaum Super Food Mart store.
The plaintiff filed and objection to the relief sought in the motion and the parties appeared and argued the motion to the court. The court reserved decision.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appletonv. Board of Education, 254 Conn. 205, 209 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
Having heard the arguments of counsel and having reviewed the respective memoranda and the affidavits, the court finds that, aside from pointing out that the defendant Rose may have had a financial interest in the delivery of Christmas trees to the Waldbaum site, the plaintiff has failed to provide an evidentiary foundation to establish that Rose retained any control or supervision over Big Timber Express Trucking CT Page 15330 Logging, LTD., an independent contractor hired by Rose to deliver the trees.
The court further finds that the delivery of the trees by Big Timber is not an inherently dangerous activity nor is it a non-delegable duty of Rose. The court finds, as a matter of law, that Rose owed no duty to the plaintiff and is not liable for the negligent acts, if any, of Big Timber and, therefore, the plaintiff cannot recover in negligence from Rose. Santopietro v. New Haven, 239 Conn. 237, 226 (1996).
Summary judgment is an appropriate vehicle for disposing of a negligence claim when no duty exists. See Wilson v. City of New Haven,213 Conn. 277, 279-82 (1989).
For the foregoing reasons, the defendant's motion for summary judgment is granted.
By the Court
 _________________ Joseph W. Doherty, Judge
CT Page 15330-a